(No. 15019.—Judgment affirmed.)

THE PEOPLE *ex rel.* William D. Mackay, County Collector, Appellant, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellee.

*Opinion filed December 19, 1922.*

1. TAXES—*validating act of 1921 does not apply to school tax levied after passage of act.* Curative acts do not apply to defects arising after the passage of the act, and the validating act of May 10, 1921, cannot be applied to validate a tax levied in a community high school district on August 10, 1921, which was invalid because not levied or ascertained within the time required by section 190 of the School law.

2. STATUTES—*object of a curative act.* The object of a curative act is not to change the law governing future actions but to waive some requirement of the law affecting past action.

APPEAL from the County Court of Ogle county; the Hon. FRANK E. REED, Judge, presiding.

JAMES L. McDOWELL, for appellant.

SEYSTER & FEARER, J. A. CONNELL, and SIDNEY F. BLANC, (BRUCE SCOTT, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes to this court by appeal from the county court of Ogle county to review an order sustaining objections to an application for judgment against the land of the appellee for school taxes levied for educational purposes for the year 1921.

On August 10, 1921, the board of education of Community High School District No. 214 in Ogle county, Illinois, made its levy of $13,000 for educational purposes and on said date issued a certificate of levy in manner and form as required by the general School law. This levy was filed with the county clerk of said county on August 11, 1921. The only evidence in the record is the stipulation of the

parties, to the effect that the board of education of said district met on the 10th day of August, 1921, at which time the levy was made and a certificate in the usual form was issued by the board and filed as above stated. The appellee objected to the tax on the ground that the levy was not made on or before the first Tuesday in August, 1921. The county court sustained the objection and denied judgment against the land of the appellee, as provided in such cases by statute.

Section 190 of the general School law, omitting the form of certificate of tax levy, is as follows: "The board of directors or board of education of each district shall ascertain as near as practicable, annually, how much money must be raised by special tax for educational and for building purposes for the next ensuing year." In construing the above section this court in *People* v. *Wabash Railway Co.* 296 Ill. 518, held that the action of the board of education fixing the tax must be taken before the first Tuesday in August. Since August 10, 1921, is after the first Tuesday in August, the board of education in question did not meet and ascertain the amount of tax to be raised for educational purposes within the time required by the statute.

It is not contended by appellant that this was a valid levy but that it was validated by an act of the legislature approved and in force May 10, 1921. Curative acts do not apply to defects arising after the passage of the act. The object of a curative act is not to change the law governing future actions but to waive some requirement of the law affecting past actions. (*People* v. *Kinsey,* 294 Ill. 530.) The curative act of May 10, 1921, had no application to the attempted levy by the board on August 10, 1921.

The county court did not err in sustaining the objections. The judgment of that court is affirmed.

*Judgment affirmed.*