HUNT et al. v. ATKINSON, County Judge, et al. (Motion No. 8739; No. 941—5050.)

Commission of Appeals of Texas, Section B. June 29, 1929.

For former opinion, see 17 S.W.(2d) 780. See, also, 12 S.W.(2d) 142.

Ward & Ward, of Houston, for plaintiffs in error.

Sewall Myer and J. H. Painter, both of Houston, for defendants in error.

SPEER, J. This cause has been replete with interesting questions from the beginning, not the least of which is that one presented by plaintiffs in error in this their motion for rehearing, to the order of the Supreme Court dismissing the cause because of the passage by the Forty-First Legislature of the Curative Act (Acts 41st. Leg. [1929] c. 176), by which the vice in the proceedings by which the territory in controversy was taken into the city of Houston had been cured.

The point now made is that, since the adoption of the home rule amendment to the Constitution (article 11, § 5), the Legislature is without power to grant a charter to a city such as Houston, and that therefore it has no power to do indirectly that which it cannot do directly, to wit, pass a law validating the boundaries of the city established in a way confessedly bad at the time. For this contention the cases of City of Waco v. Higginson (Tex. Com. App.) 243 S. W. 1079, Eastham v. Steinhagen, 111 Tex. 597, 243 S. W.

458, and Vincent v. State (Tex. Com. App.) 235 S. W. 1084, are cited.

The first two cases cited have no application whatever. They do not touch the question of the general and superior power of the Legislature affecting cities within the home rule amendment. The last case, that of Vincent v. State, does hold that an act incorporating specially a city of the population defined by the home rule amendment is a local or special act, and one not within the powers of the Legislature after the home rule amendment. It is there pointed out that the only authority in the Constitution for special charter of cities of more than 5,000 inhabitants was repealed by the home rule amendment, and that since that time there has existed no power in the Legislature to pass such local or special law, such special act being within Const. art. 3, § 56, prohibiting the passage of local or special laws incorporating and regulating the affairs of municipalities, except as otherwise provided in the Constitution, and which, since the home rule amendment, has not been "otherwise provided in" the Constitution. But this case is no authority against the holding we have made. In the first place, the validating law which we have held put an end to the controversy is not a charter in any sense of the word, nor is it a local or special law within the meaning of the Constitution. It is a general law, applicable alike to all cities coming within its terms.

Now, article 1165 of the Revised Statutes 1925, declares, with reference to the right of the people of a municipality to select their charter, that the same shall be "subject to such limitations as may be prescribed by the Legislature," and shall contain nothing "inconsistent with the Constitution or general laws of this State." If the last clause by way of limitation stood alone, it might with great force be argued that home rule cities possess exclusive power superior to that of the Legislature with respect to all municipal matters not inconsistent with the Constitution, since the term "general laws" might be construed to mean laws of the state other than municipal laws. There is excellent authority elsewhere throughout the country for this contention. But this is not the sole limitation imposed upon the municipality. Their charters must be "subject to such limitations as may be prescribed by the Legislature." This clearly shows that the legislative power is in all things supreme; that the power of the municipality is subject in all respects to "such limitations" as may be prescribed by the Legislature, without distinction as to those limitations then existing or arising through subsequent legislative enactments. We take it to be that the power of the municipality of home rule cities is not supreme in matters of legislation, but is at all times subject to any and all limitations that may be prescribed by the Legislature. This being

true, the general act of the Legislature validating the acts of cities such as Houston in the matter heretofore held by us to have been without authority is as valid and binding as though the authority had existed in the first place. The validating act cannot be held to be void as being a special or local law, and there is nothing in the home rule amendment or the statutes putting the same into effect that tends to show that the Legislature has abdicated its power otherwise than as to the grant of special charters by local law, to deal with municipalities having a population of more than 5,000 in any manner which it sees fit.

We recommend that the motion by plaintiffs in error for rehearing be overruled.