

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
AUSTIN 11, TEXAS
ATTORNEY GENERAL

Board of Trustees, Bandera
Rural High School District
Bandera, Texas

Gentlemen:

Opinion No. 0-5903
Re: Validity of proposed Bandera
RHSD bonds; whether validating
act applies to actions taken
subsequent to enactment, but
prior to its effective date.

We have examined the transcript of legal proceedings submitted in connection with the proposed issuance of $10,000 in bonds pursuant to an election held on the 21st day of August, 1943. We regret that we cannot approve the bonds, but it is our opinion that the attempt to establish the district so as to include within its boundaries more than 100 square miles without holding an election relative to such creation as required by Article 2922c Vernon's Ann. Civ. Statutes was ineffectual. In consequence it is our opinion that the district attempted to be formed without such compliance is not a legally constituted issuing agency.

In connection with our consideration of the problem, we have been furnished with a brief prepared on behalf of the district by Mr. J. P. Gibson, ably urging that the validating act enacted by the 48th Legislature was affective to cure the want of compliance with the mandate of Article 2922c; the validating act (Chap. 327, Acts 48th Legislature) provides in part:

"All school districts, including * * * rural high school districts, and all other school districts, groups or annexations of whole districts or parts of districts by vote of people residing in such districts or by action of county school boards, whether created by general or special law in this state, and heretofore laid out and established or attempted to be established by the proper officers of any county or by the Legislature of the State of Texas, and heretofore recognized by either state or county authorities as school districts, are hereby validated in all respects as though they had been duly and legally established in the first instance."

All actions relating to the attempted creation of the Bandera District, as it affects the present issue of bonds, were taken after the time the Legislature had passed the quoted validating act and after it

had been approved by the Governor.  While the bill carried an emergency clause, it did not receive the record vote in both houses requisite to put it into immediate effect, and therefore its effective date was deferred under the Constitution until 90 days after the adjournment of the Legislature on May 11, 1943.  It was during the ninety days interim following upon adjournment that the Bandera District was attempted to be formed in disregard of the mandatory provisions of Article 2922c, supra.

The legal question is whether Chapter 327, supra, is operative to validate and make effective the actions taken subsequent to its passage in the attempted formation of the Bandera District; if it is not, then the district is without legal existence in its present form.

Mr. Gibson's brief succintly states the argument to support the validity of the establishment of the district as follows:

"It will be observed that this validating act applies to all districts heretofore established, and the question is on what date the word heretofore is used.  In the case of G.H. & S.A. Railway Co. vs. State, 17 S. W. 67, the Supreme Court, speaking through Judge Gaines, said:

"'We apprehend that no universal rule of construction can be adopted when a statute, which makes a distinction between the future and past transactions, is passed upon one day to take effect on another; but we think the general rule is that a statute speaks from the time it becomes a law, and what has occurred between the date of its passage and the time it took effect is deemed, with respect to the statute, a past transaction.'"

It is well settled by our cases that, as a general rule statutes having prospective operation speak as of their effective date.  Moorman vs. Terrell 109 Tex. 173, 202 S. W. 727; Fisher vs. Simon 95 Tex. 240, 66 S. W. 477.  Hence it is further established that exceptions carved out of statutes having prospective operation generally relate to the effective date of the statute.  GH & SA Ry. Co. vs. State, 81 Tex. 598, 17 S. W. 67; Scales vs. Marshall 96 Tex. 140, 70 S. W. 944.

The rule that statutes generally speak as of their effective date is but a rule of construction, however, which the courts have employed in ascertaining the intention of the Legislature in the enactment of statutes; it is not a rule which applies to all statutes under all circumstances.  The true rule for determining the meaning of language employed in an Act of the Legislature is to give the statute the meaning which is expressive of the Legislative intention.  Scales vs. Marshall, supra.

Sutherland, Statutory Construction (3rd Ed. Horack) Vol. 2 p. 136 Sec. 2213, defines the character of enactment with which we presently are concerned as follows:

"A curative act is a statute passed to cure defects in prior law, or to validate proceedings, instruments, or acts of public or private administrative authorities which in the absence of such an act would be void for want of conformity with existing legal requirements, but which would have been valid if the statute had so provided at the time of enacting."

Curative statutes are rarely, if ever, intended to have any prospective operation; they are in their very nature retrospective, are intended to operate upon past actions and ordinarily will be construed as having no prospective operations whatever. Hunt County vs. Rains County (Tex. Civ. App.) 7 S. W. (2d) 648 (Opinion of Majority approved on answer to certified questions, 116 Tex. 277, 288 S. W. 805); 59 C. J. p. 1179 Sec. 713.

In People ex rel Mackay vs. CB & QR Company, 305 Ill. 567, 137 N. E. 392, the Supreme Court of Illinois had before it for review the validity of a tax levy made August 10, 1921; the appellants contended that a validating Act passed by the Legislature on May 10, made the levy effective. This contention was overruled by the court, and it was said,

"Curative Acts do not apply to defects arising after passage of the Act. The object of a curative act is not to change the law governing future action, but to waive some requirement of the law affecting past action."

To give the validating act here under consideration the construction that it was effective to cure any defect arising prior to the date it became effective as a law, would be to construe the act as suspending all the requirements relating to the establishment of school districts for the period beginning with the passage of the act and ending 90 days after this adjournment of the Legislature which passed it. In effect, the act would be a delegation to the local authorities of the legislative power to prescribe the method to be observed in the establishment of school districts during the period between passage of the act and its effective date.

It is obvious, we think, that a curative act--one assuming to waive failure to observe a prescribed procedure--must necessarily be construed as relating to actions of which the Legislature could have been aware at the time the law was passed. Validating acts in their nature are written broadly, as this one is; if it is given prospective operation between the date it was passed by the Legislature and its effective date, all of the safeguards which the Legislature has painstakingly prescribed in relation to the establishment of school districts would be waived and suspended. We cannot foretell just what consequences would flow from such a

construction of the Act: the action presently reviewed is but one of the possible results which would accrue from such a construction. We therefore are of the opinion that the validating act above quoted does not apply to actions taken in the formation of school districts subsequent to its passage through the Legislature, but is limited to districts formed or attempted to be formed before the enactment of the measure. In consequence, it is further our opinion that the act is not operative to cure the want of compliance with Article 2922c in the attempted formation of the Bandera Rural High School District subsequent to the passage of the act.

Another reason for our opinion that the curative act is not effective to validate the attempted formation of the Bandera District is that the statute by its terms is limited to those school districts established or attempted to be established "by the proper officers of any County. . ." In view of the fact that Article 2922c requires a vote of the qualified electors as a condition precedent to the establishment of a proposed rural high school district containing within its boundaries more than one hundred square miles, it is probable that the County Board of Trustees should not be regarded as "the proper officers" to establish the district within the meaning of the curative act.

For the above reasons, we are of the opinion that the proposed bonds may not be legally issued, and the same are therefore disapproved.

APPROVED APR. 7, 1944

/s/ Geo. P. Blackburn

ACTING ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Gaynor Kendall
    Gaynor Kendall
    Assistant

GK:ncd-ds
OK /s/ F.D.

THIS OPINION CONSIDERED
AND APPROVED IN LIMITED
CONFERENCE