**BEYER et al. v. TEMPLETON, County Judge, et al.**

No. 13850.

Court of Civil Appeals of Texas. Dallas.

Nov. 7, 1947.

On Rehearing Nov. 28, 1947.

Second Rehearing Denied Feb. 20, 1948.

Frank Cusack, of Dallas, for appellants.

H. P. Kucera, City Atty., Robert L. Lattimore, Asst. City Atty., Will R. Wilson, Jr., Dist. Atty., and Philip Silverberg, Asst. Dist. Atty., all of Dallas, for appellees.

LOONEY, Justice.

Appellants, resident citizens, property owners and qualified voters within the territory known as Honey Springs, in their individual capacities brought this action seeking a writ of mandamus to compel Honorable Al Templeton, County Judge of Dallas County, to canvass the votes and announce the result of an election held to determine whether or not the Town of Honey Springs should be incorporated under the Commission form of government; also to enjoin the City of Dallas from enforcing its ordinance No. 3973 by means of which the City sought to annex the territory known as Honey Springs; the contention of appellants being that the ordinance and the attempt to annex the territory were unauthorized and void. Appellees answered fully, among others filed a plea in abatement and a motion to dismiss on the grounds (1) that on December 18,

1946, the County Judge having revoked the order for the election issued on the previous day before it was acted upon, the election held thereunder was without authority and void; furthermore, that the County Judge was without authority to order the same, for reasons hereinafter stated; and (2) that the suit was a collateral attack upon the ordinance of annexation adopted by the City which was a valid municipal act authorized by law or color of law. The case was submitted to the court without a jury on an agreed statement of facts applicable both to the merits as well as to the dilatory pleas. The court sustained the dilatory pleas and dismissed the suit; hence did not pass upon the merits of the case. However, this appeal brings up for review the entire case.

The material facts giving rise to this litigation, including the original acts of incorporation, the efforts of citizens to abolish same, the proceedings pursued by the City of Dallas to annex the territory, the quo warranto suit against the City of Honey Springs, the judgment of ouster rendered therein, and the efforts of citizens of the Honey Springs territory (appellants herein) to re-incorporate, are epitomized as follows: In the year 1937, the territory known as Honey Springs was sought to be incorporated under chapter 11, Art. 1133, R.C.S. and in 1945, by ordinance, the City accepted the provisions of Art. 961, R.C.S., thus attempting to enlarge its powers. On February 9, 1946, the County Judge of Dallas County called an election under Art. 1261, R.C.S., for the purpose of abolishing the corporation; on February 20, 1946, the election was held and the proposition abolishing the corporation was carried. In that status, on February 27, 1946, the City Council of the City of Dallas passed its ordinance No. 3973 on its first reading, annexing the territory comprising the Town of Honey Springs. On March 28, 1946, there was filed with the City of Dallas a petition by about one-hundred and twenty-one property owners and electors of the territory of Honey Springs (presumably a majority in the absence of any showing or contention to the contrary), requesting the City of Dallas to

vote to its final passage its ordinance No. 3973. Thereafter, on May 29, 1946, a suit was filed in a District Court of Dallas County (the City of Dallas not being a party) in the nature of a quo warranto proceedings questioning the corporate existence of the City or Town of Honey Springs, which, on September 13, 1946, resulted in a judgment of ouster, thus terminating its corporate existence for all purposes. The quo warranto suit having been appealed to this Court, on January 17, 1947, we affirmed the judgment of the court below and thereafter the Supreme Court refused an application for writ of error (N.R.E.). See report of the case, Richardson et al. v. State, Tex.Civ.App., 199 S.W.2d 239. On September 25, 1946, after the judgment of ouster was rendered, the City of Dallas passed its ordinance No. 3973 on its second reading, and on December 18, 1946, finally passed the same on its third reading, annexing said territory.

The record discloses that on December 17, 1946, Al Templeton, County Judge of Dallas County, upon the petition of residents of the territory of Honey Springs, ordered an election to determine whether or not the said City of Honey Springs should be re-incorporated, but on the next day, December 18, 1946, having ascertained the facts in regard to the status of the territory in question, that is, that by ordinance the City of Dallas had annexed the same, the County Judge revoked his previous order calling the election, on the ground that he was without jurisdiction or authority, that the City of Dallas had exclusive jurisdiction over the territory from the time of the passage of its ordinance on February 27, 1946.

Notwithstanding the revocation of the order of election issued by the County Judge, an election was held for the re-incorporation of the territory of Honey Springs which apparently received a majority vote, and on January 26, 1947, returns were made of the election to the County Judge of Dallas County; however, on the 3rd of February, 1947, the County Judge entered an order refusing to make any further orders in regard to said elec-

tion and presented in writing his reasons for canceling the election order of December 17, 1946, as hereinbefore stated.

Appellants urge two points of error as follows: (1) That the trial court improperly sustained appellees' plea in abatement and in dismissing the suit; (2) that the trial court erroneously failed to hold as void ordinance No. 3973 of the City of Dallas, annexing the Honey Springs territory, and, in this connection, appellants concede that unless the ordinance is void they are without capacity to bring this suit; hence, that the sole question presented is, whether or not ordinance No. 3973 is void.

Appellees counter with the following: (1) That the court did not err in sustaining appellees' plea in abatement and in dismissing the suit, in that, on December 18, 1946, the County Judge of Dallas County revoked his order of the day before calling an election for the purpose of re-incorporating the Honey Springs territory; thereby vitiated and destroyed the right of the voters of said territory to conduct a valid election; (2) that the appellants were improper parties, in that, the instant case is a collateral attack upon an ordinance valid on its face, enacted by a duly constituted municipal corporation; hence appellants were not authorized to raise the sole question as to whether or not the territory known as the Town or City of Honey Springs was properly brought within the City of Dallas. Appellees also agree with appellants that the question whether or not ordinance No. 3973 of the City of Dallas is void, necessarily is determinative of the entire controversy.

In reviewing the quo warranto suit heretofore mentioned, we held, among other things, that prior to and at the time of the rendition of the judgment of ouster, Honey Springs, although illegally incorporated because containing excess territory, nevertheless was invested with a de facto status. Richardson v. State, Tex.Civ.App., 199 S. W.2d 239, 245; see also Wilson v. Carter, Tex.Civ.App., 161 S.W. 411, 412. We also held that the proceeding to abolish the corporation of Honey Springs was void because dissolution was attempted under Art. 1261, whereas Art. 1241 should have been pursued. So these questions will be treated as settled by our previous holdings.

Did the action of Judge Templeton, in rescinding his order of the previous day for an election to incorporate the Honey Springs territory, effectuate its purpose? If so, the election held January 25, 1947, was wholly without authority and void. It is obvious, we think, that, in ordering the election, the County Judge, of necessity, had to exercise a judicial discretion; among other things, to determine whether the territory sought to be incorporated was unincorporated and contained the requisite number of inhabitants. On December 18, 1946, the day after the County Judge issued the order calling the election, having ascertained that the City of Dallas, by its ordinance No. 3973, previously had annexed or at least acquired jurisdiction for the purpose of annexing the territory sought to be incorporated, the Judge revoked his order of the day before. After the purported election was held under the rescinded order, the proposition having received a majority of the votes, Judge Templeton was called upon for an order declaring the result of said election. Refusing this request, Judge Templeton entered an order in extenso stating the reason for his action in revoking the order for the election and in refusing to announce the result of the said election; gave a short history of the original incorporation of Honey Springs, its dissolution, the quo warranto suit in which it was ousted of all municipal functions; and, among other things pertinent to the question under consideration, said: "At the time the petition for the election to incorporate the area in question was offered on December 17, 1946, no proof or evidence was offered, and no hearing was had as to whether said property sought to be incorporated was already incorporated for municipal purposes, nor, was there any proof that the signatures of said petition constituted 10 per cent of the qualified voters, nor was there any proof of the population of the area, * * * the court was not aware, nor was it made known to him, that the City of Dallas had already, prior to the filing of said petition, instituted and commenced annexation proceedings by ordinance, in accordance with

law, to annex all of the area included within the attempted incorporation of 1937 of the Town of Honey Springs, and including all of the area sought to be incorporated by the petition of December 17, 1946, and that the City of Dallas was, on December 17, 1946, then proceeding, and in the course of completing, said annexation. * * * That, by reason thereof, this Court was and is wholly without jurisdiction to entertain said petition of December 17, 1946 to incorporate into a separate municipality a part of the property which was already involved in the annexation proceedings of the City of Dallas. That, on December 18, 1946, the annexation proceedings by the City of Dallas were, in all things, completed in accordance with law, and all of the area described in said petition for incorporation of December 17, 1946 now is, and has been, a part of the City of Dallas, a municipal corporation, since December 18, 1946. The undersigned signed the order prepared and presented to him calling for the election, relying on the statements made in the petition and not knowing that the statement made in said petition that the area was not incorporated for municipal purposes was untrue; that, upon ascertaining the true facts, the undersigned, in his official capacity as County Judge of Dallas County, Texas, on the 17th day of December 1946, did, within a few hours after signing the original order, enter an order setting aside and canceling the said original order and denying the petition for the election, and the proponents of said petition were so advised of the court's action and appeared in court and conferred with the court concerning such action. That, in spite of the action of this court and in spite of the knowledge that the order for election had been set aside, the election was attempted to be held. * * *" (See Templeton's Exhibit "F")

In State ex rel. Burkett v. Town of Cylde, Tex.Civ.App., 18 S.W.2d 202, 203 (writ ref.), Judge Funderburk, speaking for the Eastland Court, among other things, said: " * * * Article 581 of the Revised Statutes of 1895, which was in force at the time in question, prescribed the duties of the county judge upon being presented with a proper petition as follows: 'If satisfactory proof is made that the town or village contains the requisite number of inhabitants, it shall be the duty of the county judge to make an order for holding an election on a day therein stated, and at a place designated within the town or village, for the purpose of submitting the question to a vote of the people.' The duty thus imposed upon the county judge was one of a judicial nature, and the law provided no right to have his decision revised and no procedure for doing so. State v. Goodwin, 69 Tex. 55, 5 S.W. 678. Any judicial action involves the possibility of error. In the absence of a right of appeal or some other method of revision, the courts are powerless to correct error in such action. * * *."

Analogous to the judicial discretion exercised by a trial judge during the term at which a judgment is rendered, that is, to set same aside, we think it follows that, for the reasons stated, the county judge had the power to revoke the election order at any time before the proceedings contemplated thereunder were finally consummated. See 25 Tex. Jur. Sec. 150, pp. 545, 547; Gulf C. & S.F. R. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A.L.R. 613.

It follows, we think, that the election held in defiance of the order of revocation, without regard to the result, was utterly void. See Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770, by the Commission, opinion adopted by the Supreme Court; Smith v. Morton Independent School District, Tex. Civ.App., 85 S.W.2d 853 (application dismissed), and Coffee v. Lieb, Tex. Civ.App., 107 S.W.2d 406.

We will now discuss the other question presented, that is, whether ordinance No. 3973, enacted by the City of Dallas, annexing the Honey Springs territory, is void. If not void, appellants concede that they have no standing in court.

In annexing the territory, the City of Dallas (a home rule city) acted under the provisions of both sec. 4 and sec. 4(a) of its charter. The pertinent portions of these sections are as follows: "Sec. 4. Additional Territory. Any territory adjoining the present or future boundaries of said city may from time to time in any size or shape desired, be admitted and become a part

thereof on application made or written consent given to the City Council by the owner or owners of the land, or, as the case may be, by a majority of the legal voters resident on the land sought to be added. * * *."
"Sec. 4(a). As an alternative method of enlarging or extending the corporate boundaries, the City Council shall have the power by ordinance to provide for the alteration and extension of said boundary limits, and the annexation of additional territory lying adjacent to the City, with or without the consent of the territory and the inhabitants annexed. Upon the introduction of any such ordinance in the City Council, it shall be published one time in the newspaper designated as the official newspaper of the City of Dallas, * * *. The proposed ordinance shall not thereafter be finally acted upon until at least thirty (30) days have elapsed after the publication thereof; and upon the final passage of any such ordinance, the boundary limits of the City shall thereafter be as fixed in such ordinance, * * *."

On February 27, 1946, the City Council, on its own initiative, under the provisions of sec. 4(a), enacted ordinance No. 3973 on its first reading and the publication required was made. On March 26, one-hundred and twenty-one owners of land and legal resident voters in the territory, petitioned the City Council to vote to its final passage ordinance No. 3973. It seems that thereafter on May 29, 1946, the quo warranto proceedings hereinbefore mentioned (to which the City was not a party) was filed, questioning the corporate existence of the Town or City of Honey Springs; and on September 13, 1946, a judgment of ouster was rendered in the suit, thus terminating the corporate existence of Honey Springs. Now, after all these proceedings, on September 25, 1946, the City of Dallas, acting under the provisions of both sections 4 and 4(a), passed ordinance No. 3973 on its second reading and on December 18, 1946, passed the same finally on its third reading. It was not until December 17, 1946, the day before the ordinance was passed on its third reading, that appellants began their proceedings seeking the re-incorporation of territory formerly a part of the Town or City of Honey Springs.

Appellants contend that ordinance No. 3973 of the City of Dallas, seeking to annex the territory known as Honey Springs, was void for the reason that, at the time, there existed over said territory a municipal goverment. As heretofore shown, we held in the quo warranto case, Richardson v. State, that Honey Springs was simply a de facto corporation at the time. In support of their contention, appellants cite the case of City of West University Place v. City of Bellaire, Tex. Civ. App., 198 S.W.2d 766. It is obvious, we think, that both Bellaire and South Side Place, whose territory was sought to be annexed by City of West University Place, were de jure municipal corporations, and functioning as such; hence the territory sought to be annexed had previously been expropriated for municipal purposes. We think the court correctly held that this could not be done, but we do not think that case is in point, in that, the territory sought to be annexed to the City of Dallas had not been legally expropriated by a de jure corporation, as in the case cited. Honey Springs was the mere ghost of a corporation, recognized as having a de facto status as a matter of public policy for the protection of individuals who had, or were compelled to have, transactions with it while acting as a corporation. However, before the proceedings begun by the City of Dallas were finally consummated, Honey Springs had been ousted of its function as a de facto corporation, thus removing any impediment, if that constituted a legal impediment, in the way of the City of Dallas annexing the territory.

As to the nature of a de facto corporation and the reason for giving validity to its contracts and acts, Judge Williams, speaking for the Supreme Court in Parks v. West, 102 Tex. 11, 18; 111 S.W. 726, 729, said: "The rule is founded in public policy and convenience merely, and is not to be so applied as to defeat the assertion of just legal rights by parties in the courts. * * *." In 37 Am.Jur., p. 630, sec. 11, it is stated that: "The doctrine of de facto municipal corporations is generally recognized in the United States. The doctrine is that where there is authority in law for a municipal corporation, the organization of the people of a given territory as such a corporation

under color of delegated authority, followed by a user in good faith of the governmental powers incidental thereto, will be recognized by the law as a municipal corporation de facto, wherever through failure to comply with statutory requirements the corporation cannot be said to exist de jure. * * *." It is stated in 13 Am.Jur., p. 194, sec. 47, that: "* * * The reason generally for holding such a corporation to have achieved a de facto existence is that if rights and franchises have been usurped, they are the rights and franchises of the sovereign which alone can interpose. Until such interposition, the public may treat those possessing and exercising the corporate powers under color of law as doing so rightfully. The rule is in the interest of the public and is essential to the validity of business transactions with corporations. * * *."

So we conclude that the territory not being within the limits of a de jure corporation, the City of Dallas obtained jurisdiction over the territory for the purpose of annexing same on Feburary 26, 1946, by the introduction and passage of its ordinance No. 3973 on its first reading, and that it retained such jurisdiction until the annexation proceedings were consummated.

In State ex rel. Binz v. City of San Antonio (writ ref.), Tex.Civ.App., 147 S.W. 2d 551, the court said: "Where territory sought to be annexed by home rule city was not within the limits of another municipality on date when annexation proceedings were commenced by city, those proceedings were valid, and a subsequent attempt to incorporate territory was ineffective and void, even though incorporation proceedings were completed before annexation proceedings were completed." Also, see State of Texas ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41.

However, if it cannot be correctly said that the City of Dallas obtained jurisdiction over the territory for annexation purposes on February 26, 1946, when ordinance No. 3973 was passed on its first reading, we think unquestionably jurisdiction was obtained on September 25, 1946, when the ordinance was passed on its second reading, for at that time no impediment existed to prevent the acquisition or exercise of jurisdiction by the City as the judgment of ouster in the quo warranto suit had been rendered and Honey Springs existed no longer, not even as a de facto corporation. It may be true that had the annexation proceedings been fully consummated before the judgment of ouster, the administrative powers of the City of Dallas over the annexed territory would have been held in abeyance, a point we do not decide because as just stated Honey Springs was ousted of all municipal functions on September 13, before the City passed the ordinance on its second reading September 25, 1946. At that time the City acted on its own initiative under sec. 4(a) of its charter; also under sec. 4 in response to the petition of land owners and legal resident in the territory sought to be annexed; the annexation proceedings becoming final on the passage of the ordinance on its third reading, December 18, 1946, since which time said territory has been treated as a part of the City of Dallas.

■ In all its proceedings, the City acted in compliance with its charter provisions and if it can be said that irregularities characterized some of the proceedings, yet, the annexation at least was de facto and immune from collateral attack; hence in no event were appellants as individuals authorized to institute and prosecute the suit.

It follows that in our opinion the court did not err in abating and dismissing the suit for two reasons: First, because the election reincorporating the territory, under and by virtue of which appellants proceeded, was void because held without authority, as heretofore shown; and, further, for the reason as just stated, we do not think the action of the City in annexing the territory was subject to collateral attack. Therefore, appellants were not authorized to prosecute the suit.

The judgment of the court below is affirmed.

## On Rehearing.

■ If, as insisted by the appellants, County Judge Templeton was without authority to revoke the order for an election to reincorporate the territory known as Honey Springs the day after it was made, yet, the City of Dallas having previously annexed the territory for municipal pur-

poses, or, to say the least, having acquired jurisdiction for such purpose subsequently consummated, the County Judge was without authority to order the election; therefore, we think the election held thereunder was void.

## On Second Rehearing.

### BOND, Chief Justice (dissenting).

I am not in accord with the majority in affirming the action of the trial court in refusing a writ of mandamus against Al Templeton, appellee herein, to canvass the election in regard to the incorporation of the Town of Honey Springs; and in refusing a writ of injunction restraining the City of Dallas from carrying into effect an ordinance, then in course of adoption, to attach the territory, or a part thereof, which was included in the Articles of Adoption by the Town Council of said proposed incorporation. This is clearly a race of power, aided and assisted by the orders of the county judge in favor of the City of Dallas as against the majority of the citizens of Honey Springs, as expressed at the polls.

It is needless, I think, to say that the county judge was without constitutional authority, on his own motion, to declare the election involved in this suit illegal, because, forsooth, the City of Dallas had begun and was in course of adopting a city ordinance to annex the territory involved; and that the county judge was without authority in refusing to canvass the election and declare the result. This appeal reaches this court on agreed stipulation of facts: On December 17, 1946 the Honorable Al Templeton, County Judge, was presented with a petition, in regular form, by George Beyer and seventy-five other qualified voters of the Town of Honey Springs, Texas, a de facto municipality, for an election to be held in the territory described in said petition, for the purpose of determining whether or not the same should be incorporated for municipal purposes as a City under the commission form of government; and also that an election be ordered to be held at the same time, for the purpose of electing a mayor and two commissioners of said City. On said petition the county judge entered the following order:

"*It appearing that the said petition bears the requisite number of qualified voters who are residents of said City, and is in every respect in conformity with law; and, it further appearing that the area comprised within the boundaries defined in said petition does not exceed two (2) square miles, and that all other facts set up in said petition are found to be true.* Therefore, I, Al Templeton, in my official capacity as County Judge of Dallas County, Texas, do hereby grant said petition and do hereby order that an election be held at the Field Office at Bonnie View and Overton Road in the said City of Honey Springs, Texas, on the 25th day of January, 1947, for the purpose of determining whether or not the same shall be incorporated for municipal purposes as a City, under the Commission form of government, under authority conferred by Article 1155 et seq., Chapter 12, Title 28, Revised Civil Statutes of Texas of 1925; and, I hereby appoint George Beyer and Beryl Dick as judges of said election, and the said George Beyer is designated as presiding judge, and I appoint W.R. Fewell and George Salmon as clerks to assist in holding such election." (Italics mine.)

The order then recites the qualification of the voters to vote at said election, the form of the ballot, the regulation of the election, description of the territory involved, and directs that notice be published in the newspapers for thirty days as required by law for such election.

On December 18, 1946, without petition, motion or suggestion of any kind from any of the aforesaid petitioners, the county judge, ex parte, presumably on his own motion, made and entered an order withdrawing, setting aside and holding for nought the previous order made calling for the election, and therein directed the clerk of his court to strike said previous order from the record and, in lieu thereof, to enter an order denying said petition and dismissing the cause. This subsequent order is based on the following inclusive recitations:

"On this the 18th day of December, 1946 on its own motion, the court has reconsidered the petition and form of order presented to him in connection with the at-

tempted incorporation of Honey Springs, and I find that the area so to be incorporated is already the subject of annexation by the City of Dallas, a municipal corporation, and that no proof was offered on the essential allegations made in said petition, and that I, Al Templeton, County Judge of Dallas County, Texas, am without jurisdiction to entertain said petition for incorporation, and that no satisfactory proof was offered in connection therewith, and said petition is not well taken, and that the order signed by me inadvertently is improper and should in all things be set aside and said petition denied."

On January 25, 1947, after due election notices were published as required by law, and without notice from the county judge of his subsequent order attempting to nullify his action in calling the election, the election judges and clerks went forward with the election in accordance with the county judge's order; and in due time made returns thereof to the county judge to be canvassed by him, and sought an order declaring the results thereof. The county judge, in a long, extended order, most of which is copied verbatim in the majority opinion, refused to canvass the returns or make order declaring the result, manifestly basing his action on relation of appellees that the election and returns thereof would effectively embarrass annexation by the City of Dallas.

I think it is clear that a writ of mandamus against Al Templeton should have been issued by the trial court, regardless of the effectiveness, or embarrassment, of the returns and declaration of the result of the election. The canvassing of the returns and declaration of the result, also the calling of the election, are ministerial duties of the judge, not judicial; hence mandatory for the county judge to canvass the returns and declare the result. The county judge has no authority, on his own motion, to revoke an order for an election, or refuse to canvass the election and declare the result.

In the case of Cameron, County Judge, v. Baker et al., Tex.Civ.App., 13 S.W.2d 119, 120, the court asked the question, pertinent here:

"Do the statutes authorize a county judge, after calling an election in the statutory manner upon the petition of 20 or more persons, describing themselves resident tax payers of the school district in which the election is being held, arbitrarily and without a hearing, or any other forms prescribed by statute, to declare the election invalid and set aside all proceedings of the voters under his order?"

The court then answered the question thus:

"It would be a dangerous power lodged in the hands of a county judge to issue an ex parte order to election judges, while they are holding an election, to desist further action and proceed no further in the election, and no statute has ever granted such power to a county judge. The trial judge found that the law was fully complied with by the county judge, and that law provides for no authority to the county judge other than to call the election, canvass the returns of the election officers, and declare the results. Articles 2757 and 2758 Rev.St.1925, as amended by the Fortieth Legislature at the regular session (chapter 238, p. 353). If the election be illegally held, the matter can be inquired into and settled by the proper judicial tribunal on application of any taxpaying resident of the district. The authorities cited by appellant do not sustain his propositions, but the case cited of Ewing v. State, 81 Tex. 172, 16 S.W. 872, tends to show a lack of authority in the county judge to cancel an order of election, when once made and being carried into effect. The petition for election was signed by 20 resident qualified voters, who were taxpayers."

On rehearing, that court, further emphasizing the answer, said:

"The petition was sufficient to sustain the issuance of a mandamus to require the county judge to canvass the returns of the election held under his order. He had exercised all the power and authority given to him by the statute when he ordered the election, and he could take no further action in regard to the election until the returns were placed in his hands and it became his duty to canvass the returns and declare the result. He had fully adjudi-

cated the question of the right of the signers of the petition to have an election ordered, and he had ordered it, and then ended his power and authority. * * * *The statute makes it his absolute duty to canvass the returns and declare the result."* (Italics mine.)

So, in the case at bar a very similar situation exists: On the petition of more than seventy-five qualified voters, on December 17, 1946, Al Templeton, County Judge, fully adjudicated the right of the signers of the petition for an election, and decreed that the petition was "in every respect in conformity with law", and "all other facts set up in said petition are found to be true." On such adjudicated matters, the judge ordered the election to be held "on authority conferred by Article 1155 et seq., Chapter 12, Title 28, Revised Civil Statutes of Texas of 1925"; appointed officers of the election; designated the place where same should be held and ordered election notices to be published within the statutory period of time. The election was thus held; the returns of the election duly presented to the county judge to canvass and declare the result. Indeed, as said in the above cited case, the statute for elections makes it the plain, absolute duty for the county judge to canvass the returns and declare the results; it would be a dangerous power lodged in the hands of a county judge to issue an ex parte order cancelling and annulling an election, when once called and the election machinery put into motion; and to refuse to canvass the returns and declare the result, because, forsooth, the result would, or might, affect the annexation program of the City of Dallas and of those seeking to defeat the incorporation of said City of Honey Springs. The county judge is not clothed with judicial power, in election matters, to declare election orders illegal after the order calling for the election. All the reasons assigned by the county judge for setting the call aside, or the reasons he assigned for refusing to canvass the returns and declare the result, are matters lodged exclusively in district courts, the proper judicial tribunals on application of any taxpaying resident of the district. Hence the order of the county judge made on December 18, 1946, attempting to cancel the call for the election, and, too, on his own motion, without notice to the affected parties, dismissing the taxpayers' petition and, subsequently, for the same reasons, refusing to canvass the returns and declare the result of the election, was the application by him of extra-judicial power; a clear refusal to perform his ministerial duties.

The community of Honey Springs, at the time of the aforesaid election, was a functioning municipal corporation, with full corps of City officials, exercising the duties usually conferred on such officials. Such was its status when appellee, City of Dallas, sought by ordinance to annex the territory of Honey Springs. From the beginning, the community of Honey Springs undertook to incorporate under color of law, and in good faith organized in the method prescribed, and a colorable organization proceeded thereafter to function and to exercise the full powers of a municipal corporation, until interrupted by litigation attempting to pave the way for it to be annexed to the City of Dallas. The law recognizes that, although a public or municipal corporation may not be a de jure corporation, it may exist de facto. Thus when a municipal body assumes color of authority, and exercises such authority continuously, with the consent of the governed, as in the case at bar, the powers of such public corporation, broadly stated, are those which the same entity could perform were it a corporation de jure. Such a corporation cannot be attacked collaterally, but can only be called in question in a quo warranto proceeding instituted in the name of the State. City of El Paso v. Ruckman, 92 Tex. 86, 46 S.W. 25; Graham v. City of Greenville, 67 Tex. 62, 2 S.W. 742; Brennan v. City of Weatherford, 53 Tex. 330, 37 Am.Rep. 758; Hunt v. Atkinson, Tex. Com.App., 12 S.W.2d 142; 17 S.W.2d 780; 18 S.W.2d 594; Cook v. Bayne, Tex. Civ.App., 38 S.W.2d 419; Grisham v. Tate, Tex.Civ.App., 35 S.W.2d 264. A municipality, whether de jure or de facto, which has taken steps to change or alter its existence, or status of its corporation, cannot be defeated by a subsequent attempt of an-

other municipality to annex the territory. In home rule city, such as the City of Dallas, which has adopted a charter authorizing the annexation of "additional territory lying adjacent to said City," the annexed additional territory is expressly limited to "unoccupied" territory adjacent to the City, not a part of another municipality. Act 49th Legislature, Chapter 97, p. 147; Art. 11, sec. 5, Texas Constitution, Vernon's Ann.St.; City of Houston v. State 142 Tex. 190, 176 S.W.2d 928, reversing and rendering, 171 S.W.2d 203; Hunt v. Atkinson, Tex.Com.App., supra; Dry v. Davidson, Tex.Civ.App., 115 S.W.2d 689, error refused; McGuire v. City of Dallas 141 Tex. 170, 170 S.W.2d 722. It cannot be validly questioned that the home rule cities may extend their boundary limits by ordinance duly enacted by their governing bodies, but such power extends to the territory sought to be annexed, "unoccupied territory, contiguous and adjacent to its city limits." It will be observed that the Act in question in no otherwise describes the territory that may be annexed, or in what manner, or by whom such territory may be occupied, to avoid annexation. The limitations placed upon the power of annexation by such cities, exclude the idea that territory "occupied" by another municipality, exercising governmental control and functioning in all respects as a legal entity, is excluded from the power of such home rule cities to annex the territory. Therefore, the City of Dallas was without the power to annex by ordinance the territory occupied and used by the municipality of Honey Springs, and to extend its government control over the affairs of said municipality without the consent of the citizens thereof expressed at an election to dissolve the corporation. The territory was "occupied" by the de facto corporation, if, in fact, it was not a de jure corporation.

Therefore the judgment of the court below should be reversed, and a writ of mandamus should issue from this court commanding Al Templeton, County Judge of Dallas County, Texas, to canvass the election returns and declare the result thereof; and that writ of injunction issue against the City of Dallas, its officers, servants and employees, restraining them from extending its government supervision and control over the affairs of the City of Honey Springs; and from interfering with the governmental function of said City.