

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 9, 1970

Dr. Bevington Reed
Commissioner of Higher Education
Coordinating Board
Texas College and University System
State Finance Building
Austin, Texas 78701

Opinion No. M- 690

Re: Whether the election of a
non-resident candidate for
the Board of Trustees of a
Junior College District was
validated by the cited pro-
vision of the Texas Education

Dear Dr. Reed: Code.

You have advised us in your recent letter that Tyler
Junior College, insofar as the election of members of its Board
of Trustees is concerned, is governed by the terms of Article
2815n-1, Vernon's Civil Statutes, as amended, rather than by
the Texas Education Code, the college having duly and timely
adopted the provisions of the laws of the State of Texas in
effect prior to September 1, 1969, with reference to (among
other things) the number of members of its governing board
and the procedure and time of selecting or choosing said members.

The authority for the college to adopt existing laws
of the State concerning the number of members and the procedure
and time of selecting or choosing said members is provided under
Section 51.072(h) of the Texas Education Code, enacted by the
61st Legislature, Regular Session, 1969, and effective September 1,
1969.

You have further advised us that on April 4, 1966, the Board of Trustees of Tyler Junior College ordered an election to be held in the Tyler Junior College District on the first Monday in June, 1966, for the purpose of electing three trustees from that portion of said district composing the original Tyler Junior College District, that the election was duly and timely held, and that on June 7, 1966, the Board of Trustees of said district entered an order declaring the results of said election.

As pointed out in your letter, Section 2 of Article 2815n-1, which governs the election of board members (by virtue of the election by the college under authority of Section 51.072(h) of the Texas Election Code), provides that

"members of the Board of Trustees of such Junior College District shall be elected from the original Junior College District and from a common and/or independent school district annexed thereto for Junior College purposes only ..."

on the basis set out in said Section 2.

You have further advised us that it has now been ascertained that one of the candidates in the election held to select trustees from that portion of the district composing the original Tyler Junior College District was not a resident of the original district at the time of the entry of the order for the said election, that he had never been a resident of the original district at any time thereafter, although he was a resident of the Tyler Junior College District as constituted following annexation of other areas, and of the Tyler Junior College District as constituted at the time of his election, and that this candidate was declared to be an elected member of the board by an order of the board.

You have inquired whether, based upon such facts, the election of this candidate was validated by Section 51.004, Subsection (c) (3) of the Texas Education Code. That subdivision of the code provides in part as follows:

> ". . . and all acts of the governing board
> of such junior college districts ordering an
> election or elections, declaring the results of
> such elections, levying, attempting, or purporting
> to levy taxes for or on behalf of such districts
> ...are hereby in all things validated; ..."

You have advised us that there do not exist any of the conditions set out in Section 51.004, Subsection (d) of the Education Code which would make the above Subsection (c) (3) of that code inapplicable to the Tyler Junior College District.

We are of the opinion that Section 51.004, Subsection (c) (3) of the Texas Education Code does validate the election of the person here under consideration. That subdivision is clearly intended by the Legislature to serve as a validating or remedial statute. This is discernible from the language of subdivision (3) itself, as well as from the fact that said subdivision is included as a part of Subsection (c), obviously a validating statute.

In the case <u>City of Mason v. West Texas Utilities,</u> 237 S.W.2d 273 (Tex.Sup.1951) there is the following language:

> "The enactment of remedial or curative statutes
> constitutes a valid exercise of legislative power...
> The Legislature may ratify anything it could have
> authorized in the first place. <u>Miller et al v. State</u>
> <u>et al,</u> Tex.Civ.App. 155 S.W.2d 1012, writ refused;
> <u>Hunt v. Atkinson,</u> Tex.Com.App., 18 S.W.2d 594; <u>Hunt</u>
> <u>County v. Raines County,</u> Tex.Civ.App. 7 S.W.2d 648;
> 39 Tex.Jur., p. 41, Sec. 19; 8 Tex.Jur., Ten Year
> Supp., p. 794,795, Sec. 19.

> "The Legislature has passed many curative,
> remedial, and validating statutes. For example, it
> has passed acts validating bonds, city charters, and
> county boundaries. Also, the Legislature has passed

> many acts confirming the rights of purchasers
> of public lands, and validating the organization
> of drainage, improvement, and school districts.
> 39 Tex.Jur., p. 42, Sec. 19; 8 Tex.Jur., Ten Year
> Supp., p. 794, Sec. 19. ..."

In the opinion from the same case there is also the following language:

> "If a statute is curative or remedial in its
> nature, the rule is generally applied that it be
> given the most comprehensive and liberal construction
> possible. It certainly should not be given a narrow,
> technical construction which would defeat the very
> purpose for which the statute was enacted. 39 Tex.
> Jur., pp. 273,274, Sec. 145; 59 C.J., p. 1106, Sec.
> 657; 50 Amer.Jur., p. 415, Sec. 392, and the cases
> cited from the many jurisdictions in support of the
> rule."

In point also is the following language from 53 Tex. Jur.2d, Statutes, p. 303, sec. 197, Remedial and curative acts:

> "The rule of liberal construction applies with
> full force to remedial statutes and to changes made
> therein, as it does also to curative or validating
> acts. An enactment of a remedial or curative statute
> is regarded as wholesome, and will be accorded the
> most comprehensive and liberal construction of which
> it is susceptible, with a view to accomplishing the
> legislative purpose."

In view of the foregoing discussion and the authorities cited it is our opinion that the order of the board of June 7, 1966, declaring the result of the election, entitles the person here under consideration to qualify for the office of trustee and to serve in that office for the duration of the term to which he was elected, Section 51.004, Subsection (c) (3) having in effect removed the disqualification of non-residence which applied at the time of his election.

This person will not be eligible for election to a subsequent term, however, if he is not a resident of the original district at the time of the next election for that district.

In Hunt County v. Raines County, 7 S.W.2d 648 (Tex.Civ. App., 1925, no writ) there is the following language:

"Ordinarily curative statutes are by their very nature intended to act upon past transactions, and are therefore wholly retroactive."

In 82 C.J.S., Statutes, Section 430, Curative Statutes, p. 1003, there is the statement:

"Such acts are, by their very nature, intended to operate on past transactions, and are, therefore, necessarily retrospective, and ordinarily will be construed as having a retroactive effect and no prospective operation."

See also Attorney General's Opinion No. 0-5903, 1944, citing People v. Chicago B. & Q. R. Co., 137 N.E. 392, 305 Ill. 567, where the court wrote:

"Curative acts do not apply to defects arising after passage of the act. The object of a curative act is not to change the law governing future actions, but to waive some requirement of the law affecting past action," citing People v. Kinsey, 128 N.E. 561, 294 Ill. 530.

### S U M M A R Y

The 1966 election to the Board of Trustees of a person who was not a resident of the original Tyler Junior College District at the time of the election was validated by the enactment of Section 51.004, Subsection (c) (3) of the Texas Education Code, effective September 1, 1969.

A validating statute does not act prospectively, however, and at an election held subsequent to September 1, 1969, the requirement of residency will remain in effect.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Austin Bray
Malcolm Quick
R. D. Green
Robert Giddings

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant