B. J. WORD, COUNTY JUDGE, ET AL. v. O. E. SCHOW ET AL.

Decided April 19, 1902.

**1.—Incorporation of Town—Ordering Election—Number of Inhabitants.**

Under the statute providing that when satisfactory proof is made to the county judge that a town contains one thousand or more inhabitants he shall, upon due petition therefor, order an election to determine the question of incorporation, his decision that the town, or designated territory, contains the requisite number of inhabitants is conclusive, and can not be attacked by an action to enjoin him from entering up on the records the result of the election, on the ground that he had been fraudulently deceived as to there being the required number of inhabitants. Rev. Stats., arts. 385, 580, 581.

**2.—Same—Fraud Not Vitiating.**

False representation made to the county judge as to the number of inhabitants did not in itself render his decision as to the number fraudulent and void, and the statute has made no provision for the correction of an error by him in such a case.

Appeal from Bosque. Tried below before Hon. William Poindexter.

*Richard Kimball,* for appellants.

*Wm. M. Knight,* for appellee.

STEPHENS, Associate Justice.—This suit was brought to enjoin the county judge of Bosque County from making an entry upon the

records of the Commissioners Court of that county that the inhabitants of the town or city of Clifton, to the number of 1000 or over, were incorporated within designated boundaries, the election ordered for that purpose having resulted in favor of incorporation. The petitioners for injunction were property owners and taxpayers within the designated territory, and obtained the injunction, which was made perpetual on final hearing, upon the ground that the inhabitants of this territory were less than one thousand but that by fraudulent representations and false swearing the county judge had been induced to believe and find that said town or city contained the requisite number of inhabitants and to order the election.

The case made by the petition did not entitle the petitioners to any relief; the general demurrer should therefore have been sustained and the suit dismissed. If, as provided in article 581, Revised Statues, the proof submitted to the county judge of the requisite number of inhabitants be accepted by him as satisfactory, no proof on that subject will be heard by any other tribunal. Rev. Stats., arts. 385, 580, 581; State v. Goodwin, 69 Texas, 58; Ewing v. State, 81 Texas, 178; Scarborough v. Eubank, 53 S. W. Rep., 573; Rayner v. Forbes, 54 S. W. Rep., 650.

It seems to be conceded by the appellees that the above authorities treat the decision of the county judge as conclusive in the absence of fraud, but they insist that fraud vitiates his decision and opens it to attack. It is a sufficient answer to this contention that no fraud was charged against the county judge in this instance. It matters not that false representations as to the number of inhabitants may have been designedly made to him or that his decision may have been influenced by testimony that was not only false but not believed by the witnesses to be true, as alleged. That did not render the decision itself fraudulent and void, but only erroneous; and as no provision has been made for the correction of such an error the District Court was without power to afford relief. Even in ordinary suits false testimony, so far from infecting with fraud and annulling the judgment founded upon it, is but a ground for a new trial. Other reasons might be assigned in support of the demurrer, but this is deemed sufficient.

The judgment will therefore be reversed, the injunction dissolved, and the suit dismissed at appellees' costs.

*Reversed and dismissed.*

Hunter, Associate Justice, did not sit in this case.