**STATE ex rel. WILKE et al. v. STEIN et al.**

**Motion No. 9098; No. 1155—5486.**

Commission of Appeals of Texas, Section B.

March 18, 1931.

For former opinion, see 26 S.W.(2d) 182.

Walter Petsch and Lee Wallace, both of Kerrville, and Morriss & Morriss, of San Antonio, for plaintiffs in error.

J. B. Wieser and H. H. Sagebiel, both of Fredericksburg, for defendants in error.

SHORT, P. J.

To the honorable Supreme Court:

The only matter presented by the motion for rehearing, filed in this case by the defendants in error, involves the legal sufficiency of the petition to state a cause of action, as tested by a general demurrer, as, indeed, this was the only question involved in the case upon the original hearing. The motion for the rehearing cites no additional authorities, and brings to bear no additional argument in support of the contention that the petition does not state a cause of action. We gave the matter, before the opinion in this case was written, unusual consideration, and the views we there expressed have remained unchanged.

However, there is one matter, while not involved in this case, as gleaned from the allegations in the petition, yet, in view of some statements in the motion for rehearing, it might, upon a trial of the merits of the case, become a material question, and facts may be developed upon the trial of the case which might lead the trial court into an error, in view of what we said in the last paragraph of our opinion. This paragraph is as follows: "The statutes on this subject, as embraced in title 28, which is all the law applicable to this case, would not authorize the creation of a municipal corporation out

of a portion of territory comprising an unincorporated town, but on the contrary the statute contemplates that when a municipal corporation is sought to be created, under the circumstances alleged in the petition, the entire town, that is to say substantially all the citizens residing within the limits of the inhabited portion of the settlement, or community, must be included. According to the allegations of the petition this was not done. If, these allegations, together with other material ones, be established by the trial, the plaintiff in error will be entitled to have its petition granted. The assignments of the plaintiff in error relating to the points we have discussed should have been sustained by the Court of Civil Appeals and the judgment of the trial court should have been reversed and the case remanded." It is true that the law, as stated in this paragraph, and as applicable "to the circumstances alleged in the petition," is correctly stated. But the circumstances upon a trial of the case, upon its merits, may be shown to be somewhat different, if not altogether.

 Statutes must be reasonably construed, taking into consideration the subject-matter of the law, and the practicable experience of the members of the Legislature enacting it. Evidently the various articles mentioned in the original opinion, embraced in title 28, Rev. St. 1925, in speaking of the inhabitants of a city, town, or village, mean those inhabitants which have a natural connection with each other, or a unity of interest in the proposed incorporation of such city, town, or village, territorially speaking. The territory sought to be incorporated for strictly town purposes must be capable of being so used, or likely to become so within a reasonable time. The law gives to the qualified voters of the inhabitants of a town or village the right to fix the boundaries of the territory sought to be embraced in the proposed incorporated town or village. What territory shall, or shall not, be included, is a question of fact to be determined by the people immediately interested. The soundness of their judgment in passing on the question must be tested as a question of fact, as in other cases. If the evidence reasonably tends to show that the method pursued by those who seek to incorporate a given territory is within the statute, then the courts cannot interfere. The

soundness of this decision on the part of those interested, when questioned in a proceeding like the present one, must be determined by the jury, upon the consideration of the facts in evidence. Should the facts warrant the conclusion, on account of the topography of a portion of the territory comprising a particular settlement or community, as, for instance, the presence of a large stream of flowing water separating a portion of the community from another portion, under such circumstances as to render impracticable the embracing of the entire community within the territorial limits of an incorporated village, then our conclusion of the law would be that it would not contemplate the inclusion of those inhabitants of that portion of the settlement or community, whose situation, with reference to the other portion, is such as would deprive them of the ordinary benefits incident to an incorporated town or village, and yet would compel them to bear the burdens incident to a membership therein. Other instances might be cited, wherein the strict letter of the law, if followed, would result in the imposition of unnecessary burdens, and the infliction of great injuries. If the corporate limits of a town or village are adjusted in the reasonable exercise of the judgment of the voters, and the exclusion or inclusion of lands, belonging to those who might object thereto, was not arbitrarily done, as for instance, for the purpose of exacting revenues without a compensation, or to prevent inhabitants of a given territory from participating in the advantages of the incorporation, whose situation is such as to reasonably and conveniently entitle them to such advantage, then in such a case the courts would be without power to interfere. State ex rel. Simpson, Attorney General, v. Village of Dover et al., 113 Minn. 452, 130 N. W. 74, 539; 43 C. J. p. 80, et seq.

We have thought, in view of a trial of the case upon its merits, that we should make these additional observations with reference to the law, since we have concluded that the paragraph quoted above might be susceptible of a construction entirely too restricted. However, we are still of the opinion that, as against the general demurrer, the petition in this case states a cause of action.

We recommend that the motion for rehearing be overruled.