Dallas G. PERKINS, Appellant,

v.

Hon. Reed INGALSBE, Appellee.

No. 3591.

Court of Civil Appeals of Texas.

Eastland.

Oct. 4, 1960.

Rehearing Denied Oct. 28, 1960.

Dan Sorrells, Abilene, for appellant.

Eplen, Daniel & Hooper, Abilene, for appellee.

GRISSOM, Chief Justice.

Dallas G. Perkins sued Honorable Reed Ingalsbe, County Judge of Taylor County. He sought to have the District Court issue a writ of mandamus compelling the County Judge to accept the returns of an incorporation election and make an entry upon the records of the Commissioners Court showing that the town of Impact is incorporated. The judge filed a motion to abate and dismiss the petition for mandamus for the following reasons, among others: (a) that the District Court was without jurisdiction to grant the relief prayed for by Perkins; (b) that in acting on the petition for the election, the judge exercised the power vested solely in him and that his refusal to order said election was final and not subject to review by the Courts; that in passing on the petition for election, revoking an order for the election and in all other respects he acted in good faith in the exercise of the discretion vested in him by law. Mr. Perkins filed a

supplemental petition in which he alleged the County Judge ordered an election to determine whether Impact should be incorporated; that he found all the jurisdictional facts necessary for calling the election and, having once acted upon the petition and entered an order calling an election, the Judge's power was exhausted and he had no power to revoke the order calling the election. Perkins alleged that his real opponent was the City of Abilene; that "after" the County Judge had revoked his order calling an election he met with the Board of Commissioners of Abilene and told them that if a petition for an election to incorporate the entire North Park area, which included Impact, were presented he would order such an election and that soon thereafter the Board of Commissioners passed an ordinance annexing the entire North Park area to Abilene. He alleged that such action "on the part of the Board of Commissioners of the City of Abilene constituted a fraud on the citizens of Impact"; that "thereafter" the County Judge toured the Impact area in the presence of Perkins and his counsel and it was pointed out to the Judge that Impact was cut off from an opportunity to expand but, nevertheless, the Judge refused to reconsider his order revoking his call for an election to incorporate Impact. He alleged:

"The entire sum of all the actions of the Board of Commissioners of the City of Abilene and Respondent herein, taken in connection with the proposed incorporation of the Town of Impact, constitute a conspiracy on the part of said individuals to deprive the citizens of Impact of their constitutional liberties."

The County Judge filed an answer in which he excepted to relator's petitions because Perkins alleged no facts sufficient to show the Judge was guilty of any fraud, which was essential to give the Court jurisdiction to issue a writ of mandamus; that said petitions amounted to no more than an argument presenting Perkins' conclu-

sions, with no facts alleged which would authorize the Court to issue the writ. He further answered that the election held in the town of Impact was void because the order for such election had been revoked before the election was held; that he revoked the order in good faith; that at no time prior to revoking the order did he have any communication, contact or agreement of any nature with the city relative to revoking the order and that he acted in good faith and in accord with the law as he understood it. Wherefore, he again prayed that his motion to abate and dismiss the suit be sustained.

The Court found that Perkins had alleged no facts sufficient in law to constitute such fraud of the Judge, or other grounds, that would authorize the Court to issue a writ of mandamus. The Court sustained the Judge's motion to abate and dismiss Perkins' suit and dismissed the case. Perkins has appealed.

Appellant presents only the following point:

"The Court erred in finding that Plaintiff alleged no acts or conduct on the part of Respondent sufficient in law to constitute such fraud or other ground as would authorize the Court to grant the Petition for Mandamus. The District Court clearly has such power under the facts alleged."

In State v. Goodwin, 69 Tex. 55, 5 S.W. 678, the Supreme Court of Texas, in a quo warranto proceeding questioning the power of the Mayor and others to hold office on the ground that the town did not have the necessary number of inhabitants to legally incorporate, held the statute required that before an election to determine whether a town should be incorporated should be ordered, proof should be made to the Judge that the territory sought to be incorporated contained the requisite number of inhabitants. It held that the finding of the County Judge was conclusive, if no provision had been made by the legislature for revising

his conclusion. It said that the legislature might make the incorporation, or failure to incorporate, depend upon the determination of some official "whose determination the courts will have no power to revise." In Scarborough v. Eubank, 93 Tex. 106, 53 S.W. 573, 574, which was a suit to contest an election, our Supreme Court said that in an election of a local option character, such as "the incorporation of towns", it was essential that some officer should be empowered to order the election upon occurrence of certain conditions. It further said:

"It would seem more politic to make the determination of the county judge conclusive than to permit the question to be inquired into upon a contest, and the election to be annulled, after a legal majority have voted for the change sought to be accomplished. Accordingly, the weight of authority, as it seems to us, is against the right to call in question the qualifications of the signers to the petition in a contest of the election. The precise question, so far as we have been able to discover, has never been decided in this court; but we think the principle which controls its decision was announced and acted upon in the case of State v. Goodwin, 69 Tex. 55, 5 S.W. 678. In that case the county judge had ordered an election to determine whether or not the city of Wills Point should be incorporated under the general law. He was empowered to order the election upon presentation of a petition therefor signed by 50 electors, and satisfactory proof that the city had the requisite population for a municipal corporation of the class designated. It was sought to set aside the election on the ground that the county judge erroneously found that the city contained the necessary number of inhabitants. It was held that the action of the county judge was not subject to review."

In State ex rel. Burkett v. Town of Clyde, 18 S.W.2d 202, 203, which was a quo warranto proceeding brought by the State on the relation of certain residents of Clyde seeking to have declared void the incorporation of Clyde, this court said:

"The duty thus imposed upon the county judge was one of a judicial nature, and the law provided no right to have his decision revised and no procedure for doing so. State v. Goodwin, 69 Tex. 55, 5 S.W. 678. Any judicial action involves the possibility of error. In the absence of a right of appeal or some other method of revision, the courts are powerless to correct error in such action."

We held, however, that the law would relieve from the effects of fraud, and said:

"But even in such case the fraud sufficient to invalidate his action must be such as is chargeable to the officer and not merely fraud of others by which the officer is led into error. Word v. Schow, 29 Tex.Civ.App. 120, 68 S.W. 192."

We held that the pleadings did not contain sufficient allegations of facts charging fraud of the Judge and we affirmed the judgment of the District Court dismissing the case. The Supreme Court refused a writ of error, thus approving our decision. In City of El Paso v. Tuck, Tex.Civ.App., 282 S.W.2d 764, 766, in a proceeding for mandamus to compel the County Judge to call an Incorporation election, it was held that in the absence of allegations and proof of facts showing fraud of the Judge that his implied finding was not subject to review by the Courts and mandamus would not lie to compel him to call an incorporation election. The court said:

"There seems to be a general rule of law that

" 'In passing on petitions for elections and in deciding whether or not to call an election, the officer with whom such a petition is filed performs a judicial and not a ministerial function.' 29 C.J.S., Elections § 69, p. 92.

"In the case of State ex rel. Burkett v. Town of Clyde, Tex.Civ.App., 18 S.W.2d 202, (error refused). The County Judge ordered an incorporation election under a statute requiring more than 500 inhabitants. The incorporation was attacked on quo warranto on the grounds that there were less than 500 inhabitants in the territory when the election was ordered. The trial court sustained a general demurrer to the quo warranto petition. The Court of Civil Appeals affirmed the trial court's judgment, saying:

" 'The duty thus imposed upon the county judge was one of a judicial nature, and the law provided no right to have his decision revised and no procedure for doing so. State v. Goodwin, 69 Tex. 55, 5 S.W. 678. Any judicial action involves the possibility of error. In the absence of a right of appeal or some other method of revision, the courts are powerless to correct error in such action. * * * ' "

The Court held that the District Court and the Court of Civil Appeals were without power to set aside the findings of the County Judge in refusing to call an incorporation election. The Supreme Court of Texas refused the application for writ of error, with the notation "R.N.R.E.", and the Supreme Court of the United States denied a petition for certiorari. See 352 U.S. 828, 77 S.Ct. 43, 1 L.Ed.2d 50. See also State ex rel. Richardson v. Larkin, 41 Tex.Civ.App. 253, 90 S.W. 912, 916, (Writ Ref.); Wolf v. Young, Tex.Civ.App., 277 S.W.2d 744, (Ref. N.R.E.); City of Corpus Christi v. Cartwright, Tex.Civ.App., 288 S.W.2d 836, 838 and 29 C.J.S. Elections §§ 69, 82, pp. 92, 106.

The County Judge had the power to revoke his order calling the incorporation election before the election was held.

"Revocation of order for election. A judge has been held empowered to revoke his order for an election at any time before consummation of the proceedings contemplated thereunder, and an election held in defiance of the order of revocation is void." 62 C.J.S. Municipal Corporations § 21, p. 100.

In Beyer v. Templeton, Tex.Civ.App., 208 S.W.2d 692, 695, the court said:

"Analogous to the judicial discretion exercised by a trial judge during the term at which a judgment is rendered, that is; to set same aside, we think it follows that, for the reasons stated, the county judge had the power to revoke the election order at any time before the proceedings contemplated thereunder were finally consummated. See 25 Tex.Jur., Sec. 150, pp. 545, 547; Gulf, C. & S. R. R. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613.

"It follows, we think, that the election held in defiance of the order of revocation, without regard to the result, was utterly void. See Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770, by the Commission, opinion adopted by the Supreme Court; Smith v. Morton Independent School District, Tex.Civ. App., 85 S.W.2d 853 (application dismissed), and Coffee v. Lieb, Tex.Civ. App., 107 S.W.2d 406."

The judgment dismissing the suit for mandamus to compel the County Judge to canvass the votes and declare the result of an incorporation election was affirmed by the Supreme Court, 147 Tex. 94, 212 S.W.2d 134, without discussion of this question.

A petition for mandamus must, in order to determine the rights herein involved, contain allegations of facts, not conclusions showing that the Judge was guilty of fraud in revoking his order for an election. Word v. Schow, 29 Tex.Civ. App. 120, 68 S.W. 192, (Writ Ref.). We agree with the District Court in its finding that the allegations in this respect are insufficient. The judgment is affirmed.