DALLAS G. PERKINS V. REED INGALSBE

No. A-8121. Decided June 14, 1961
Rehearing overruled July 19, 1961
(347 S. W. 2d Series 926)

*Dan T. Sorrells,* of Abilene, and *Cofer & Cofer,* of Austin, for petitioner.

*Eplen, Daniel & Hooper,* of Abilene, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

We are met at the threshold of this cause by respondent's motion to affirm the judgment of the Court of Civil Appeals without consideration of the points of error raised by petitioner Perkins, on the ground that the three points of error contained in the application all have to do with the respondent's power to revoke the election ordered, and were not assigned as error in the Court of Civil Appeals.

Petitioner, as appellant in the Court of Civil Appeals, assigned only one point of error, as follows:

"The Court erred in finding that Plaintiff alleged no acts or conduct on the part of Respondent sufficient in law to constitute such fraud or other ground as would authorize the Court to grant the Petition for Mandamus. The District Court clearly has such power under the facts alleged."

This point was stated in the language of the judgment of the trial court sustaining the respondent's plea in abatement and dismissing his suit. However, in his argument under this one point, petitioner raises and argues at length the County Judge's lack of power to revoke his order. Under our previous holdings these arguments were sufficient to raise in the Court of Civil Appeals the points assigned in this Court. Fambrough v. Wagley, 1943, 140 Tex. 577, 169 S.W. 2d 478.

We have examined petitioner's motion for rehearing filed in the Court of Civil Appeals and find these points are raised therein.

We overrule respondent's motion to affirm the judgment of the Court of Civil Appeals without consideration of points assigned in petitioner's application.

This is an action for mandamus brought by petitioner against respondent in the District Court of Taylor County, Texas. The factual background is as follows: In compliance with the requirements of Art. 1134, Vernon's Texas Civil Statutes, more than twenty duly qualified residents of the area to be incorporated as the town of Impact on February 1, 1960, filed their petition asking that an incorporation election be called by respondent, the County Judge of Taylor County, Texas. The boundaries of the proposed town were set out in the petition and it was accompanied by a plat showing the area proposed to be incorporated. On that same date respondent made and entered his order of election, and finding all the statutory requirements to have been met, set February 13, 1960, as the date of the election, fixed a place for holding the election, appointed a presiding judge, ordered notices posted, and complied with such other statutory requirements regarding such incorporation elections. The notices of election were in due form and posted on February 2, 1960, in the area of Impact, as provided by law. On February 11, 1960, respondent entered an order revoking the order of February 1, 1960, which ordered the election, and ordered that the election not be held.

Petitioner sought the mandamus to require the respondent to accept the returns, canvass the votes, and declare the results of the election held on February 13, 1960, to determine whether or not an area described as the town of Impact should be incorporated. Petitioner alleged that the election had carried favorably to the incorporation, and that respondent be required to accept, canvass the votes and declare the results of the election, and place an order of incorporation on the minutes of the Commissioners' Court of Taylor County, Texas. Respondent filed a plea in abatement and a motion to dismiss petitioner's cause. The trial court sustained both motions and dismissed the cause at petitioner's cost. On appeal, the Court of Civil Appeals affirmed. 339 S.W. 2d 343.

In his answer to the petition for mandamus the respondent

sets out the facts which he relies on to prevent the issuance of the writ. On February 11, 1960, he had another hearing on the petition. Respondent there pled that on the original hearing of the petition for election, and at the time of the granting of the election order, he did not realize that the area sought to be incorporated was "such a small part of what is generally considered 'North Park' community in the metropolitan area of the city of Abilene; that the area of Impact was not so conditioned as to be subjected to municipal government," nor used for strictly town purposes; that the attempt to incorporate, as shown by the facts of which he took judicial knowledge and of his own personal knowledge, was not actually a bonafide attempt to incorporate for town purposes, but was planned with the intent to bring about a local option election in the town of Impact, should the incorporation election pass.

Respondent says he put none of these reasons in his order of revocation, which he placed of record, but that he actually took all these facts and circumstances into consideration in his decision revoking the election. There was no evidence heard by the trial court. He sustained the plea in abatement and dismissed petitioner's cause of action.

The order revoking the election recites six reasons for the order. None of these, however, are that the petition did not comply, in every respect, with Art. 1134, V.T.C.S.

■ The first question to be answered is: Did the County Judge have the power to revoke his election order and thus stop the election, so as to prevent those residents of Impact from expressing their preferences as to whether or not the area should be incorporated? We hold that because the petition was in due and legal form in compliance with the statutory requirements, and because the respondent had a hearing on the petition and found the statutory requisites present, and ordered the election and posted notices as required by law, it follows that the election process was lawfully put in motion and the County Judge could not prevent its being carried to its conclusion.

No contention is made that the petition for election did not contain the requisite number of qualified electors resident in the territory. Respondent contends that the action of the county judge in revoking the election order is final and conclusive. He relies on those cases holding that the original action of the county judge, either calling or refusing to call an election on

the presentation of a petition, is final and not reviewable in the absence of allegations of fraud. State ex rel. Burkett v. Town of Clyde, 1929, 18 S.W. 2d 202, wr. ref., is a quo warranto proceeding attacking the finding of the county judge in 1907 as to population. It was not a case involving an attempted revocation of an election order legally promulgated. The case was tried some 20 years after the election. The Town of Clyde case, speaking of the fraud necessary to permit an attack on the findings of the county judge, says:

"* * * Unquestionably the law will relieve from the effects of fraud. But even in such case the fraud sufficient to invalidate his [county judge's] action must be such as is chargeable to the officer, and not merely fraud of others by which the officer is led into error. Word v. Schow, 29 Tex. Civ. App. 120, 68 S.W. 192."

In the case of Arberry v. Beavers, 1851, 6 Tex. 457, a mandamus was sought to compel the county judge to canvass the returns from two voting boxes and declare the result of an election to determine whether Jefferson or Linden should be the county seat of Cass County, Texas. In discussing the power and authority of the county judge with regard to the election, the court said, "when he [the county judge] had exercised his judgment and finally disposed of the subject, his authority was *functus officio*. By its exercise it was exhausted."

A case directly in point, except it is a school case rather than a city or town case, is the case of Cameron, County Judge v. Baker, Tex. Civ. App., 1929, 13 S.W. 2d 119, no writ history. The school statutes applicable provided that an election should be called by a county judge, upon presentation of a proper petition, to determine whether or not a common school district should be incorporated as an independent school district. Upon such petition being presented to Cameron, as County Judge, he called an election for a certain day, ordered notices posted, and complied with other requisites of the statutes in holding such election. Three days before the time for holding the election, Cameron entered an order revoking his election order. This revocation order was not served until the election was in progress. The election was held, the proper returns made to the county judge and he refused to canvass the returns, declare the results and take proper steps to put the election into effect—as is the situation in our case. The trial court granted the mandamus requiring the county judge to canvass the returns, de-

clare the results of the election and enter the proper order. On appeal the Court of Civil Appeals affirmed, saying:

"It would be a dangerous power lodged in the hands of a county judge to issue an ex parte order to election judges, while they are holding an election, to desist further action and proceed no further in the election, and no statute has ever granted such power to a county judge. The trial judge found that the law was fully complied with by the county judge, and that law provides for no authority to the county judge other than to call the election, canvass the returns of the election officers, and declare the results. [Citing school statutes 2757 and 2758 (1925)]. If the election be illegally held, the matter can be inquired into and settled by proper judicial tribunal on application of any tax-paying resident of the district. The authorities cited by appellant do not sustain his propositions, but the case cited of Ewing v. State ex rel. Pollard, 81 Tex. 172, 16 S.W. 872, tends to show a lack of authority in the county judge to cancel an order of election when once made and being carried into effect."

On rehearing the Court said:

"The only power or authority given to the County Judge to pass upon the sufficiency of the petition for the incorporation of a common school district is to receive the petition therefor, and to determine the facts presented to him in support of such petition, before the order of election is given by him and notice thereof issued. His power then ceases until after the election, when he is empowered to canvass the returns and declare the result. He has no power to interfere in any manner with the election after he has issued his order for the election. The statute has not given him any authority over the election after he has once ordered it."

Arts. 1133-1139, Vernon's Texas Civil Statutes, contain the statutory provisions referring to the incorporation of an area such as Impact. Art. 1134 prescribes the mode of incorporation and the requisites of the petition seeking incorporation which must be presented to the county judge. Art. 1136 provides that "if satisfactory proof is made that the town or village contains the requisite number of inhabitants, the county judge *shall* make an order for holding an election * * *." Art 1139 requires that the returns of the election shall be made to the county judge within ten days, and that "the county judge *shall*, within twenty

days after the receipt thereof make an entry upon the records of the commissioners court that the inhabitants of the town or village are incorporated within the boundaries thereof," and the boundaries to be set out in such entry (emphasis added). There is no statutory provision giving the county judge any power of revocation of the election order.

■ The language of the statutes as to the actions of the county judge is mandatory. When the county judge is presented with a statutory petition, and proof satisfactory to him has been made that the territory sought to be incorporated contains the requisite number of resident qualified electors, then the county judge has no discretion as to whether or not he will call the election, but he must do so. If the county judge should refuse to call an election under these circumstances, he can be forced to do so by writ of mandamus. This is true whether his power to order the election be called judicial, administrative, or political. Obviously, if the county judge determines the territory sought to be incorporated is at that time a part of another incorporated city or town, the county judge would have no jurisdiction to order the election. Beyer v. Templeton, Tex. Civ. App., 1947, 208 S.W. 2d 692; affirmed, 1948, 147 Tex. 94, 212 S.W. 2d 134. Once the county judge is vested with jurisdiction by a petition complying with the statutory requirements and he has put in motion the election process, he cannot interfere with it or prevent the will of the electors being expressed by an attempted revocation of his election order. To sanction any such action would lead to a frustration of the will of the electors in an area sought to be incorporated.

■■ In our case, after the county judge had revoked his order for the election, the City of Abilene initiated annexation proceedings by passing to first reading an ordinance annexing to Abilene this territory sought to be incorporated. This the city could not legally do so long as the election process initiated by the filing of the petition with the county judge was not completed. City of El Paso v. State ex rel. Town of Ascarate, Tex. Civ. App., 1942, 209 S.W. 2d 989, wr. ref. If the county judge can revoke his order for the election then the City of Abilene can annex this territory and prevent further incorporation elections. After the election is held, the results declared, and the requisite statutory provisions complied with, the validity of incorporation may be attacked in a proper quo warranto proceeding.

The only case in point, cited by respondent to sustain his

action revoking the election order, is the case of Beyer v. Templeton, Tex. Civ. App., 1947, 208 S.W. 2d 692; affirmed, 147 Tex. 94, 212 S.W. 2d 134. In that case the county judge had no jurisdiction to order the election because the city of Dallas had initiated annexation proceedings prior to the filing of the petition with the county judge.

We have carefully read each case cited by respondent to sustain his order revoking the order of election. It would unduly lengthen this opinion to discuss them. With the exception of those we have noted, the others are all cases involving the original determination of the county judge on the petition presented to him and his original order of election. None of the cases involve the revocation of election order, and none apply the rule that there is no relief that may be had from the judge's order revoking a prior election order.

Respondent next seeks to uphold the revocation order on the basis that the petition presented to him included only a part of the territory of the town of "North Park", and therefore was not sufficient to entitle the signers thereof to an incorporation election. Respondent argues that because the petition presented described a little more than 47 acres as the area to be incorporated, and he found that this area was not all of the 691 acres in a triangular shape constituting the town or village of North Park, the petitioner was not entitled to have the election held and he, respondent, had power to revoke his election order. Respondent contends the larger area contains more residences than the 47 acres sought to be incorporated; that the larger community is vitally concerned in the matter of incorporation and should have a right to express its views with reference "to any incorporation proceeding which might be had within their community as a whole." We have held he had no such power of revocation. Neither by authorities nor by statutes is he authorized to change the boundaries set out in the petition, or to make any determination as to the area. See the early case of State ex rel. Richardson v. Larkin, 1905, Tex. Civ. App., 90 S.W. 912, wr. ref., so holding.

The case of Ewing v. State ex rel. Pollard, 1891, 81 Tex. 172, 16 S.W. 872, 874, was a quo warranto proceeding. It was contended that the county judge (to whom a petition seeking to incorporate Oak Cliff had been presented) had the power to determine what the limits of the proposed corporation should be and that his action was conclusive of the question. After

pointing out that the statute expressly made it the duty of the county judge to inquire into and be satisfied that the proposed corporation contained the requisite number of inhabitants, the court said:

"But there is no such provision as to fixing the boundaries of the town. He is not invested with the power to withhold the order of election because the proposed limits may embrace territory that ought not to be included. It is proper that the boundaries of a proposed municipal corporation should be distinctly marked by the petitioners in the application to the county judge. This would seem essential in order that it may be definitely known who are entitled to vote at the election to determine the question of incorporation. But we think that the inhabitants of the city or the promoters of the corporation must fix the limits for themselves. From the nature of the case, the area occupied by a town or city is so marked by the aggregation of residences and appurtenant structures that it is always practicable to fix the boundaries so as not to include any territory not authorized to be embraced. With a just disposition to respect the rights of the owners of adjacent property, no body of petitioners need make such a mistake as to this matter as will imperil the validity of the act of incorporation."

Respondent relies on the case of State ex rel. Wilkie v. Stein, Comm. App., 1930, 26 S.W. 2d 182. This holding of the Commission of Appeals was expressly approved by the Supreme Court. On original submission the opinion states that a municipal corporation cannot be created out of a portion of territory comprising an unincorporated town, but must include the entire town. However, on motion for rehearing, 36 S.W. 2d 698, 1931, this holding is expressly modified and explained. In so explaining the court says:

"* * * The law gives to the qualified voters of the inhabitants of a town or village the right to fix the boundaries of the territory sought to be embraced in the proposed incorporated town or village. What territory shall, or shall not, be included, is a question of fact to be determined by the people immediately interested. * * * If the corporate limits of a town or village are adjusted in the reasonable exercise of the judgment of the voters, and the exclusion or inclusion of land, belonging to those who might object thereto, was not arbitrarily done, as for instance, for the purpose of exacting

revenues without a compensation, or to prevent inhabitants of a given territory from participating in the advantages of the incorporation, whose situation is such as to reasonably and conveniently entitle them to such advantage, then in such a case the courts would be without power to interfere. State ex rel. Simpson, Attorney General v. Village of Dover et al., 113 Minn. 452, 130 N.W. 74, 539; 43 C.J. p. 80, et seq."

It should also be pointed out that the Stein case was a quo warranto suit attacking the validity of the incorporation after the election process had run its course. We hold that respondent had no right to revoke his election order on the ground that the boundaries of the proposed area to be incorporated did not include all of North Park. Under proper allegations and proof this matter might be raised in a quo warranto proceeding attacking the validity of the incorporation of Impact.

On the basis of our discussion of the questions controlling this cause we reverse the judgments of both courts below and remand the cause to the trial court with instructions to grant the mandamus prayed for.

MR. JUSTICE WALKER, joined by CHIEF JUSTICE CALVERT, concurring.

As pointed out by the majority opinion, the County Judge could not properly have refused to order the election in the first instance, and therefore had no power to revoke his election order, on the ground that the proposed limits did not embrace all of the territory that should be included. Ewing v. State ex rel. Pollard, 81 Tex. 172, 16 S.W. 872. Once that conclusion is reached, it is unnecessary to say that an election order can never be revoked. I concur in the reversal and remand of the cause but wish to reserve the question considered in Cameron v. Baker, Tex. Civ. App., 13 S.W. 2d 119 (no writ), until it is squarely presented to us for decision.

MR. JUSTICE SMITH, dissenting.

I respectfully dissent.

The trial court correctly refused to grant petitioner's application for writ of mandamus to require the respondent to accept the returns, canvass the votes, and declare the results of the void election held on February 13, 1960. The election was held

for the purpose of incorporating a tract of land comprising 47 acres and designated in the record as "Impact". The Court of Civil Appeals at Eastland has affirmed the action of the trial court in sustaining respondent's plea in abatement and ordering a dismissal of petitioner's suit.

The election was held regardless of the action of the County Judge in withdrawing his former order granting the petition to incorporate. I disagree with the court's view that the County Judge was without authority to withdraw his first order.

Petitioner claims that on the morning of February 1, 1960, a proper petition to incorporate a *town* "Impact" (147 acres) was presented to the County Judge.

Respondent contends that when he entered the original order calling the election to be held on February 13, 1960, he did not know the true facts, but, upon ascertaining the true facts, and on February 11, 1960, before the election was held, he did in good faith revoke his previous order of election. The revocation order states various reasons for revoking the former order. It is clear from the revocation order that the County Judge had upon further consideration ascertained that the so-called town of "Impact" was not a town within the meaning of Article 1133, Vernon's Annotated Civil Statues. That Article provides that "a town or village" may incorporate. On February 11th, the County Judge found that the 47-acre tract designated as a town by petitioner was, in fact, never known as a town, but was a part of a "much larger community of some 691 acres * * *."

Petitioner's First Supplemental Petition alleged that when the respondent entered his original order calling the incorporation election his power was exhausted, and that the subsequent hearing, which was the only public hearing, was a nullity, and further that respondent had actually *conspired* with the Board of Commissioners of the City of Abilene to deprive the citizens (27 voted) of "Impact" of their rights, and that such action constituted *a fraud* on such citizens. These allegations of fraud were considered by the trial court. The order of dismissal recites:

"The Court having considered all the pleadings and motions filed * *, and finding that Relator, Dallas G. Perkins, has alleged no acts or conduct on the part of Respondent, Reed Ingalsbe, sufficient in law to constitute such fraud or

other ground as would authorize this Court to grant the petition for mandamus prayed for; and that Respondent's motions to abate and dismiss this action should be granted."

Petitioner appeals to the Court of Civil Appeals from such adverse ruling of the trial court. The sole point of error presented in Perkins' brief reads as follows:

"The Court erred in finding that plaintiff alleged no acts or conduct on the part of Respondent sufficient in law to constitute such fraud or other ground as would authorize the Court to grant the petition for mandamus. The District Court clearly has such power under the facts alleged."

I cannot agree with the court that the argument under this point in the Court of Civil Appeals was sufficient to raise in that court the points assigned in this Court upon which the writ was granted. The application for writ of error does contain points three and four.. These points, however, only go to the question of fraud, and such points like the point in the Court of Civil Appeals make no reference to any alleged error on respondent's part in revoking the election order.

Petitioner argued under the sole point in the Court of Civil Appeals that "Appellant [Perkins] recognizes the rule that fraud such as would be sufficient to attack an order of the County Judge involving an incorporation procedure must be fraud chargeable to the County Judge. (State ex rel Burkett v. Town of Clyde, 18 S.W. 2d 202, writ refused). The plaintiff in the instant case pleaded that the County Judge in revoking his first order did so in bad faith. The plaintiff further pleaded that the City of Abilene through its officials interfered with the proceedings involving the incorporation of Impact although they had no right to do so. * * *"

All of the argument in petitioner's brief in the Court of Civil Appeals, preceding the above quote, was in connection with the allegations of fraud. Such argument cannot take the place of a point if there was no fraud or if the County Judge did not act in bad faith.

The Court of Civil Appeals rejected petitioner's argument and agreed with the trial court, holding that a "petition for mandamus must, in order to determine the rights herein involved, contain allegations of facts, not conclusions, showing that

the Judge was guilty of fraud in revoking his order for an election. Word, County Judge, v. Schow, 29 Texas Civ. App., 120, 68 S.W. 192, writ refused, * * *."

This Court takes jurisdiction of points one, two, and five on the ground that the three points were properly raised in petitioner's motion for rehearing in the Court of Civil Appeals. I cannot agree with this conclusion. Petitioner was the appellant in the Court of Civil Appeals and it was his duty to point out in his brief with particularity the particular ruling or action of the trial court which he contended was error. See City of Deer Park v. State ex rel Shell Oil Co., 154 Tex 174, 275 S.W. 2d 77. In that case we said: "It is the purpose of an assignment of error to point out, segregate and identify the particular ruling or action of the Court which it is contended constitutes reversible error, and the effect of the segregation and identification is to waive all other complaints as to all other rulings and actions of the Court, *unless they are also assigned as error*." [Emphasis added.] The Court went further, "The holding of the Court was not that it sustained Respondents' counterpoints * * * but that it overruled Petitioners' points." See also Texas State Highway Department v. Fillmon, 150 Tex. 460, 242 S.W. 2d 172; Edwards v. Strong et al. 147 Tex. 155, 213 S.W. 2d 979; Eliff v. Texon Drilling Co., 146 Tex. 575, 210 S.W. 2d 558, 4 A.L.R. 2d 191.

The question of what territory constitutes a town or village and the question of who has the duty and the power of deciding whether the territory proposing to incorporate is a town or village within the meaning of Article 1133, and the question of the power of the County Judge to revoke an order calling an election were not before the Court of Civil Appeals in the first instance. Therefore, it follows that raising the questions we are now called upon to determine for the first time on motion for rehearing in the Court of Civil Appeals comes too late. This is not a situation where petitioner obtained a favorable judgment in the trial, and such judgment was reversed by the Court of Civil Appeals, and for the first time was required to assign error.

Assuming that the points are here for review and final determination, I respectfully submit that "Impact" was not a "town" within the meaning of the statute on February 11, 1960, the date the Judge revoked the first order. The attempted act of incorporation was without authority of law and is, therefore,

void. The County Judge cannot and should not be compelled to order an election which, in his opinion under the facts presented, and the law, can only end in a proceeding which is void. This Court cannot issue a mandamus to compel the County Judge to change his decision made in good faith. The statutes in question, Articles 1133, 1134, and 1136, Vernon's Annotated Civil Statutes, vested in and imposed on respondent the duty to hear proof and determine the requisite facts for incorporation. The County Judge has heard the proof and determined that the tract of 47 acres is not a "town" within the meaning of the statute.

In the case of Word v. Schow, supra, the court after citing State v. Goodwin, 69 Texas 55, 5 S.W. 678, Ewing v. State, 81 Tex. 172, 16 S.W. 872, and Scarborough v. Eubank, 93 Texas 106, 53 S.W. 573, said:

"It seems to be conceded by the appellees that the above authorities treat the decision of the County Judge as conclusive in the absence of fraud * * *."

The above cases were reviewed again by the Eastland Court of Civil Appeals in the case of State v. Town of Clyde, 18 S.W. 2d 202, wr. ref. The Court in upholding the trial court's order in an analogous situation to ours held that the duty imposed upon the County Judge by the legislature was one of a judicial nature. The Court said:

"The question naturally arises: Can the County Judge, by ordering an election where there are fewer than the requisite number of inhabitants [here, the County Judge has held that 'Impact' is not a town], thus set at naught the law with the effect that redress will be denied to every one aggrieved by such action. The test of the validity of such action, we think, is good faith on the part of the officer thus charged with the duty. The action of the officer is at all times supported by a presumption that he did what it was his duty to do. If the Judge orders such an election, knowing or having good reason to believe that there does not exist the requisite number of inhabitants, his act in doing so would, no doubt, be held to be fraudulent. Unquestionably the law will relieve from the effects of fraud. But even in such case the fraud sufficient to invalidate his action must be such as is chargeable to the officer and not merely fraud of others by which the officer is led into error. Word v. Schow, 29 Tex. Civ. App. 120, 68 S.W. 192."

The Court of Civil Appeals in the present case, Chief Justice Grissom writing the opinion, relying upon its judgment in the Town of Clyde case, supra, applied the principles of law therein announced and upheld the finding of the County Judge that the "territory [Impact] seeking to incorporate lacked the requisites to successfully function as a municipality, and that 'Impact' was only a small part of the whole community [North Park] * * *."

It is argued that the case of Ewing v. State, supra, which simply held that the County Judge had no duty to inquire into and be satisfied as to the *boundaries* of the proposed corporation, supports relator's contention that the County Judge was without authority to determine whether the 47-acre tract designated as "Impact" was a *town* within the meaning of the statute.

The Ewing case was one brought to oust the Mayor and Councilmen of the City of Oak Cliff from office on the ground that the city had never been legally incorporated, because the territory embraced in the petition for incorporation included some that was rural in character and no part of the city proper. This Court said that the facts brought the case within the principles announced in State v. Edison, 76 Tex. 302, 13 S.W. 263, 7 L.R.A. 733. The Court asked and answered its own question. [81 Texas 172, 16 S.W. 873].

"Who are empowered to create the corporation?

"The inhabitants of cities, towns and villages.

"What are they empowered to incorporate?

"*The cities, towns, and villages* themselves, and not *also such portions of the adjacent territory as these inhabitants may be pleased to embrace within the limits of the corporation.*" [Emphasis added].

The Court upheld the judgment of ouster because the election to incorporate was illegal.

It is true that the Court made the statement attributed to it by the majority here, but the opinion does not hold that the County Judge has no power to determine whether the territory proposing to incorporate is a town or village within the mean-

ing of the statute. I concede that the County Judge has no power to change the boundaries of a town or village. The petitioners must do that themselves, and if *all requisites* are present under the applicable statutes (1133-1136), the County Judge must call the election.

This Court said in Scarborough v. Eubank, supra, that in all elections of a local option character, "It is essential, in order to give effect to the laws which provide for such elections, that some officer * * * should be empowered to order the election, and that it should be made a duty to so order it upon the occurrence of certain conditions, usually the presentation of a petition, signed by a certain number of legal voters." After certain comments, the Court then said that the principle controlling the Eubanks case was announced in the Goodwin case, supra, and that the only apparent difference was that in one case the statute expressly requires that the judge be satisfied by proof as to the required population while in the other nothing is said as to his hearing proof as to the competency of the petitioners; "but it is obvious that what is expressly demanded in the one instance is impliedly required in the other."

One of the requisites for incorporation is that the territory to be incorporated shall be a town or village. The County Judge unquestionably had the implied power to determine, after a hearing, that question. The County Judge in the exercise of that power has in good faith determined that "Impact" was not a town within the meaning of the statute. The County Judge's action was judicial in nature and in conformity with the duties imposed upon him by the legislature. Such decision made in good faith was conclusive in the absence of fraud.

The case of Petition to INCORPORATE THE CITY OF DUQUESNE, 322 S.W. 2d 857 (Supt. Ct. Mo. 1959), is, in my opinion directly on the point. It supports my conclusion that the order entered by the County Court of Jasper County denying a petition to incorporate the City of Duquesne was judicial in nature and not ministerial.

In the case of State ex rel Wilke v. Stein, Texas Com. App., 26 S.W. 2d 182, rehearing Texas Com. App., 36 S.W. 2d 698, the Court said:

"The right to enjoy and exercise the privilege of a municipal corporation depends upon a substantial compliance

with the mandatory provisions of the statutes which author-
ize its organizations, and the territory sought to be embraced
must be so conditioned that it may be subjected to municipal
government, Arts. 1133, 1134; State v. Hoard, 94 Tex. 527,
62 S.W. 1054."

I cannot agree that the Court's opinion on motion for rehear-
ing in the Stein case modified in any respect the holding that
there was no substantial compliance with the mandatory provi-
sions of Articles 1133 and 1134, supra.

The Court here holds that the County Judge had no right
to revoke his election order. In my opinion, he would have been
derelict in his duty had he failed to revoke his former order
after hearing the proof on February 11, 1960. The County
Judge by his revocation order did not attempt to change the
boundaries "set in the petition", but did find that the 47-acre
area was not a town or village within the meaning of Article
1133, supra.

Unquestionably, under the proof, the County Judge acted
with discretion in following the statutes which, in effect, forbid
the incorporation of a small pocket of a town which is not con-
ditioned to function as a municipal corporation. It was the in-
tention of the legislature in authorizing the incorporation of
villages and towns to require the existence of one continuous and
contiguous territory within which are living a certain number
of inhabitants.

The petitioner's attempt to incorporate the territory de-
scribed in his petition for election was void for the reason that
the statutes governing such matters were not even substantially
followed.

It is untenable to say that the County Judge cannot exercise
the power vested in him by the legislature, but is relegated to
quo warranto proceedings.

Petitioner's attempt to incorporate a part of a town, if up-
held, would effectively deprive all of the qualified voters of the
town outside of the area described in the petition for election
of the right to participate in the election. The statutes simply
do not authorize the creation of a municipal corporation out of
a portion of territory comprising an unincorporated town. See
State ex rel Wilke v. Stein, supra.

Petitioner relies upon Cameron v. Baker, Tex. Civ. App., 13 S.W. 2d 119. That case has no application. The basic question presented in that case was related to the power of the County Judge to set his election order aside after notices had been given "and all other requisites of the statute complied with", and the voting was in progress. In our case it was definitely established at the hearing on February 11, 1960, two days before the date of election, that Articles 1133 and 1134, supra, had not been complied with.

I think the holding in the case of Beyer v. Templeton, Tex. Civ. App., 208 S.W. 2d 692, affirmed in 147 Tex. 94, 212 S.W. 2d 134, supports the respondent's action in revoking his order of election. This court in that case said:

"It clearly appears that he signed the original order without knowledge of the true facts, and upon being apprized of the true facts he immediately revoked the order; * * *."

The election, therefore, was void and the court cannot by mandamus compel the respondent to accept the returns, canvass the votes, and declare the results of such void election. There was no order calling such election. See Heaton v. Bristol, Tex. Civ. App., 317 S.W. 2d 87, wr. ref.

The judgment of the trial court and the Court of Civil Appeals should be affirmed.