Teddy MILLER et al., Appellants,

v.

Lee BOSTICK et al., Appellees.

No. 7792.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 31, 1967.

Paul E. Lokey, Dallas, Parnass, McGuire & Lokey, Irving, Sidney J. Diamond, Biesel & Diamond, Dallas, for appellants.

E. Paul Banner, Greenville, for appellees.

PER CURIAM.

This is an appeal from a judgment dismissing an election contest suit. The judgment of the trial court is affirmed.

An election authorized by the provisions of Chapter 11, Title 28, Tex.Rev.Civ.Stat. of 1925, was held on March 7, 1966, for the purpose of incorporating the unincorporated village of West Tawakoni, Hunt County, Texas. In compliance with the governing statutes the County Judge of Hunt County had previously called the election and appointed C. H. Hale to preside. It was stipulated in the trial court, and the trial judge found as a fact that C. H. Hale as presiding election judge filed a written election return with the County Judge on or about March 17, 1966. The return, dated March 7, 1966, and signed by C. H. Hale and two election clerks, was attached to the trial judge's findings of fact and shows that a total of 106 votes were cast, out of which 58 votes were for "Corporation", and 48 votes were for "No corporation".

The parties to the appeal agree to the facts, but disagree upon the applicable law. The trial judge dismissed the suit in the trial court because the contestants did not give notice of contest within thirty days after the election *return day* as required by Tex.Election Code, art. 9.03 [1] (1952)

1. "Art. 9.03. Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty (30) days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared."

V.A.T.S. The appellants simplify the legal issue by taking an unqualified stand that *return day* in this instance, as the term *return day* is defined in Art. 9.03, is March 7, 1966, the date that Election Judge C. H. Hale counted the votes, and along with two clerks, signed an election return which apparently was delivered to the County Judge of Hunt County on March 17, 1966. On the other hand, the appellees contend that *return day* in this instance is April 6, 1966, the day the County Judge entered an order on the records of the Commissioners' Court that recited that he had canvassed the election returns and declared that the proposition for incorporation received a majority vote and carried, and further declared that the "inhabitants of the town or village of West Tawakoni are incorporated within the boundaries thereof", and set out the boundaries of the town.

While the precise question presented by this appeal was not a decisive issue in either of the two cases about to be mentioned, the question was discussed in the first and by implication decided in the second. The opinion in the first case, Williams v. Glover, 259 S.W. 957 (Tex. Civ.App.1924, no writ), speaking of the election procedure to be followed in the incorporation of a town or village said:

" * * * the statute requires the returns to be made to the county judge and requires him to canvass the same and to declare the result of the election. * * * it is specifically provided that, upon canvassing the returns of the election, the county judge shall make an entry upon the records or minutes of the commissioners' court, declaring and effectuating the decision of the voters in such election. * * * "

The incorporation of a town was not before the court, and the quoted language appears to be obiter dicta. In the second and more recent case, Perkins v. Ingalsbe, 162 Tex. 456, 347 S.W.2d 926 (1961), the Supreme Court was reviewing an application for mandamus to require a respondent county judge to accept the returns of an incorporation election, canvass the votes and declare the results. In the case no issue was made respecting the duties Vernon's Ann.Tex.Rev.Civ.Stat. art. 1139 [2] (1963) places upon the county judge, but all factions of the divided court, by implication, agreed that the county judge had the duty, in a proper case, of accepting the election returns, canvassing the votes, and declaring the results of the election. By majority opinion the Supreme Court ordered the county judge to do just that.

Although the mentioned cases clearly point to the disposition that must be made of the appeal, examination of the probable reasons underlying the conclusions the courts reached seems justified. Art. 9.03 is a statute of general application enacted to apply in all contested election cases. It is sufficiently broad and flexible to govern an election in a one box precinct or an election wherein numerous voting precincts and boxes are involved and where the official and formal outcome of an election might only be determined in an orderly way by a return being made from each election box and the vote total and result of the election officially ascertained by examining each of the several returns. The procedure of examining returns is usually referred to as canvassing the vote. It appears to be contemplated by Vernon's

2. "Art. 1139. If a majority of the votes are cast in favor of incorporation the officers holding the election shall make return thereof to the county judge within ten days after the same was held. The county judge shall, within twenty days after the receipt thereof make an entry upon the records of the commissioners court that the inhabitants of the town or village are incorporated within the boundaries thereof; which boundaries shall also be designated in the entry. A certified copy of such entry, together with the plat of the town or village, shall thereupon be recorded in the proper record of deeds of such county."

Ann.Tex.Rev.Civ.Stat. art. 1136[3] (1963) that in election such as this under review the area to be incorporated shall constitute the voting precinct and only one set of election officials and one polling place shall be used. The official return in this instance does actually show the day the votes cast at the election were counted and the totals for the proposition submitted, thereby forecasting what, in the absence of irregularities, must be declared by the canvasser as the official result of the election. Yet Article 1139 does not require the presiding judge at the election to make an official declaration of the result to the public, the duty imposed by law is that the officers of the election make a *return* to the county judge. A *return* is a report by polling officers to their superiors showing the number of votes cast for each candidate or for or against the propositions submitted to the electorate. 29 C.J.S. Elections § 229 (1965). The term has this special legal meaning and significance when used in the election statutes. Preparing the required return on March 7, 1966, and filing it on March 17, 1966, did not change the return's nature or constitute the declaration of the official result of the election. The County Judge's subsequent order on April 6, 1966, was the official declaration of the result and the *return day* contemplated by Art. 9.03.

 It must be held that it is the duty of the county judge, rather than the election judge, to canvass the votes of the election held on March 7th, and declare the official result thereof. The record shows that the county judge performed such duty on April 6, 1966, and that the contestants did not thereafter give the notice required by Art. 9.03, as a prerequisite to a contest. The brief of the contestants, as appellants

here, makes no contention that the order dismissing their suit is erroneous if the return day mentioned in Art. 9.03 was not March 7, 1966. The judgment of the trial court is affirmed.

3. "Art. 1136. If a satisfactory proof is made that the town or village contains the requisite number of inhabitants, the county judge shall make an order for holding an election on a day therein stated and at a place designated within the town or village for the purpose of submitting the question to a vote of the people. He shall appoint an officer to preside at the election, who shall select two judges and two clerks to assist in holding it. After a previous notice of ten days, by posting advertisement thereof at three public places in the town or village, the election shall be held in the manner prescribed for holding elections in other cases."