

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 21, 1971

Honorable Clyde Slavin
County Attorney
Donley County Courthouse
Clarendon, Texas 79226

Dear Mr. Slavin:

Opinion No. M-867

Re: Qualifications of applicants
for incorporation of a
new town pursuant to Art.
1134, etc., V.C.S.

Your request for an opinion from this office presents
the following questions:

> 1.  Do the applicants referred to
> in Article 1134 V.A.T.S. have to reside
> within the boundaries of the proposed
> town for 6 months prior to their becoming
> eligible to sign the petition seeking
> incorporation?
>
> 2.  Does the term "inhabitants" as
> used in Article 1136, V.A.T.S. refer to
> the populace in general or does it make
> reference only to the resident qualified
> electors residing within the territory
> sought to be incorporated?

This opinion will deal with these questions in the
order in which they are presented.

Article 1134 states that if the inhabitants of a
town desire to be incorporated, " . . . at least 20
residents thereof, who would be qualified voters under
the provisions of this chapter, . . ." may file an
application with the County Judge setting forth their
desire to be so incorporated. The statute states that
the application must be signed by 20 residents who
would be qualified to vote under Article 1137, Vernon's
Civil Statutes, which specifically states that an elector
is one who has attained the age of twenty-one (21) years
and "who has resided within the limits of the proposed
town for 6 months" next proceeding any such election
and who is otherwise qualified under Article 5.02 of
the Election Code, Vernon's Civil Statutes. It is
quite clear that at the time the application is signed

-4213-

the applicants must be qualified electors, meaning among other things that they must have resided within the territory sought to be incorporated for at least 6 months.

Article 1136 sets forth the duties of the County Judge in calling an election when presented with a statutory petition and satisfactory proof that the town or village contains the requisite number of inhabitants. The word "inhabitants" as used in Chapter 11, Title 28, of the Revised Civil Statutes of Texas, 1925, would appear to have but a single meaning.

Article 1133:

"Where a town or village contains more than two hundred (200) . . . inhabitants, it may be incorporated as a town or village . . ."

Article 1134:

"If the inhabitants of such town or village desire to be so incorporated, at least twenty residents thereof, who would be qualified voters under the provisions of this chapter, shall file an application . . ."

Article 1136:

"If satisfactory proof is made that the town or village contains the requisite number of inhabitants, the county judge shall make an order for holding an election . . ."

The "inhabitants" of a town or village would appear to be those persons who have established permanent residencies or domiciles in that particular community, Houston Printing Co. v. Tennant, Texas, 120 Tex. 539, 39 S.W.2d 1089 (1931) and would not refer merely to the "resident qualified electors" of the town or village who would of course be included within the term "inhabitants".

To hold that the judge must be satisfied that there are more than 200 inhabitants who are also resident qualified electors within a town or village before he can order

an election for its incorporation would be to add an
additional requirement to those set out in the statutes.

The only time the statutes call for one to be a
qualified elector is in the case of the parties petitioning
the court for such incorporation as specifically set out
in Article 1134. It would therefore seem reasonable to
assume that the legislature would have with equal clarity
included this requirement if it intended to be a part of
the requisites of Articles 1133 and 1136.

In considering the case of Dallas G. Perkins V. Reed
Ingalshe, 162 Tex. 456, 347 S.W.2d 926 (1961) we must be
careful not to infer from the court's language that an
area cannot be incorporated unless it contains 200 resident
qualified electors.

> ". . . When the county judge is
> presented with a statutory petition,
> and proof satisfactory to him has been
> made that the territory sought to be
> incorporated contains the requisite
> number of resident qualified electors,
> then the county judge has no discretion
> as to whether or not he will call the
> election, but he must do so . . . ."
> (at p. 930).

A careful reading of the case shows that the Court
used the words "resident qualified electors" to mean
"inhabitants" when it wrote the above quote.

If the area does contain 200 resident voters, then
surely the requirements of the statutes have been met,
as they would be if it were shown to the court that the
area to be incorporated contained 200 inhabitants, 20
of which are the resident qualified electors who signed
the petition for incorporation.

### S U M M A R Y

> In order to incorporate a new
> town pursuant to Article 1134, et seq,
> Vernon's Civil Statutes, the applicants
> signing the petition for incorporation
> must be qualified electors and must
> have resided within the area sought

> to be incorporated for at least
> 6 months and satisfactory proof
> must be shown the County Judge
> that the area contains more than
> 200 inhabitants. In this connection,
> the term "inhabitants" as used
> in the statutes does not mean
> "resident qualified electors",
> though an "inhabitant" might also
> be a qualified elector.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert B. Davis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Austin Bray
Scott Garrison
Bill Corbusier
Fred E. Davis

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant