**In re Dr. Robert FITZGERALD, MD.**

No. 04–0619.

Supreme Court of Texas.

July 12, 2004.

Alan Jacob Bojorquez, Bovey, Akers & Bojorquez, LLP, Austin, for relator.

Ralph J. Bernsen, Medina County Attorney, for respondent.

PER CURIAM.

On June 21, 2004, residents of a community known as Quihi, Texas filed a petition requesting the constitutional county court judge of Medina County to order an election on the proposed incorporation of the community. On Friday, July 9, 2004 the county judge denied the petition for the incorporation election. One of the residents, Dr. Robert Fitzgerald, petitioned this Court to issue a writ of mandamus requiring the county judge to order the incorporation election.[1]

Section 8.003 of the Texas Local Government Code prescribes the county judge's duty to order an incorporation election: "If a county judge receives the petition and if satisfactory proof is made that the community contains the requisite number of inhabitants, the judge shall order an

---

1. This Court has jurisdiction to issue a writ of mandamus in this case under section 273.061 of the Texas Election Code.

incorporation election to be held on a specified date and at a designated place in the community." To incorporate as a Type C general-law municipality, the area to be incorporated must contain between 201 and 4,999 inhabitants. Tex. Loc. Gov't Code § 8.001(a)(2). Here, the county judge's order recited that the petition's documentation and the records of Medina County constituted satisfactory proof that "[t]he area sought to be incorporated contains between 201 and 4,999 inhabitants." The order did not cite any statutory defects in the petition's contents but denied the petition and did not order the election because the judge was "unable to find that the area sought to be incorporated meets a threshold criteria [sic] for incorporation as a Type C general law city." The order explained that the area to be incorporated extends beyond "a core area that is historically and currently known as and shown on some maps as Quihi" and includes "primarily a rural community with residences scattered over the country, connected only by stretches of county and state roads, with significant distances of five miles or more between them."

 When a county judge is presented with a petition for an incorporation election that contains the statutorily required elements and proof satisfactory to the judge that the community to be incorporated contains the requisite number of inhabitants, the county judge must order the election. Tex. Loc. Gov't Code § 8.003; *Perkins v. Ingalsbe*, 162 Tex. 456, 347 S.W.2d 926, 930 (1961) ("When the county judge is presented with a statutory petition, and proof satisfactory to him has been made that the territory sought to be incorporated contains the requisite number of resident qualified electors, then the county judge has no discretion as to whether or not he will call the election, but he must do so. If the county judge should

refuse to call an election under these circumstances, he can be forced to do so by writ of mandamus."). As long as the area to be incorporated is not part of another incorporated city or town, questions regarding the boundaries of the area to be incorporated as a municipality are not for the county judge to decide. *Todd v. Helton*, 495 S.W.2d 213, 215 (Tex.1973) ("Questions pertaining to fixing the boundaries of the town are not for the county judge to decide. He may be compelled by mandamus to order an election even though he regards the area not to constitute a town...") (citing *Reagan v. Beck*, 474 S.W.2d 935 (Tex.Civ.App.–Tyler 1971, writ ref'd n.r.e.); *Perkins*, 347 S.W.2d at 930–32). Therefore, we conditionally grant the writ of mandamus and order the Medina County judge to call the incorporation election before 5:00 p.m. today, July 12, 2004.